No. 10,641.

JONES, TRUSTEE, *v.* DUNN.

DRAINAGE OF HIGHWAYS.—*Township Trustee.—Superintendent of Roads.—Statute Construed.*—Sections 5064 to 5090, R. S. 1881, so far modify the provisions of section 4281, R. S. 1881, that the proceedings authorized by the latter section, for the drainage of highways, can only be instituted and prosecuted by the superintendent of roads, and not by the township trustee.

From the Jasper Circuit Court.

*M. F. Chilcote,* for appellant.

*R. S. Dwiggins* and *Z. Dwiggins,* for appellee.

HOWK, J.—The only error assigned by the appellant on the record of this cause is this: "The court erred in sustaining appellee's motion to dismiss the petition."

In this petition the appellant alleged, in substance, that he was the trustee of the civil township of Kankakee, in Jasper county; that three public highways in said township, describ-

ing them, would each be benefited by drainage, which could not, however, be accomplished in the best and cheapest manner, without affecting the lands of others; that he believed that such drainage could be best had by a ditch, describing it; that he believed, also, that a proper work to accomplish such drainage would affect the following lands in Jasper county, in addition to such public highways, to wit: (Description of lands, with names of owners); that he also believed that the proposed drainage would be of public utility; and that he also believed that the costs, damages and expenses of such drainage would be less than the benefits to the owners of lands likely to be benefited thereby. Wherefore he prayed for such drainage.

The appellee, one of the land-owners named in such petition, appeared thereto and moved the court in writing to dismiss the petition, for the following reasons:

"1. There is no law authorizing the said trustee to file said petition and bring said action;

"2. The facts alleged in said petition do not give the court jurisdiction to take any steps whatever in said cause;

"3. There has been no sufficient notice given of the pendency of said petition. The notice and proof of notice filed with said petition show that the notices were posted on the 17th day of December, 1881, which was less than twenty days before the first day of the present term of this court;

"4. At the time of the posting of the notices of said petition, no petition was on file in this court. Said notices, as appears by the proof of posting on file in this case, were posted on the 17th day of December, 1881, and the petition in this case was not filed until January 10th, 1882."

The record shows that the trial court sustained appellee's motion, and dismissed the appellant's petition, " on the ground that, in the opinion of the court, section 9 of 'An act concerning drainage,' approved April 8th, 1881, was repealed by 'An act concerning roads and highways,' approved April 15th, 1881." To this ruling the appellant excepted, and his peti-

tion was dismissed by the court, at his costs, and judgment was rendered accordingly.

We are of opinion that the court committed no error in sustaining appellee's motion to dismiss the appellant's petition. In section 4281, R. S. 1881, which is section 9 of "An act concerning drainage," approved April 8th, 1881, under which section the appellant filed his petition in this case, it was provided that " Whenever any such drainage will benefit any public highway, the township trustee of the township in which the same is, may, as such, apply for drainage as provided in this act," etc. Under the law in force at the time of the approval of such act concerning drainage, the township trustee had control of the highways in his township ; and it may well be supposed that section 9 of such act became a law, under the expectation, at least, that the control of the highways in each township would continue and remain in the proper township trustee. When, however, the later act concerning roads and highways, approved April 15th, 1881, became a law, the office of superintendent of roads in each civil township was thereby created ; and, thereafter, under the provisions of such later act, the entire charge and control of all roads, highways and bridges in his township was committed to such superintendent of roads, who should " cause the same to be kept in as good repair as the prudent use of the means in his hands will permit." Sections 5064 to 5090, R. S. 1881.

It can hardly be said, we think, that section 9 of the drainage act is wholly repealed by the provisions of the later act, concerning roads and highways. But as the effect of the later act is to take from the township trustee the entire control of all roads, highways and bridges in his township, and commit the same to the superintendent of roads therein, it must be held, as it seems to us, that the provisions of section 9 of the drainage act (sec. 4281, R. S. 1881), if enforceable at all, can only be enforced by the superintendent of roads, and not by the township trustee.

The appellant's petition, therefore, was correctly dismissed. The judgment is affirmed, with costs.