Filed Feb. 18, 1887.

---

No. 12,428.

### THE STATE, EX REL. HORRALL, DRAINAGE COMMISSIONER, *v.* THOMPSON, TRUSTEE.

DRAINAGE.—*Highway.*—*Assessment Against Township.*—*Enforcement by Mandate.*—A township may be assessed, in a drainage proceeding, for benefits to a highway, and when the assessment is properly made, payment may be enforced by mandate.

From the Knox Circuit Court.

*W. A. Cullop, G. W. Shaw* and *C. E. Kessinger*, for appellant.

*G. G. Reily* and *W. C. Niblack*, for appellee.

ELLIOTT, C. J.—The petition avers that the relator is one of the commissioners of drainage appointed by the Knox Circuit Court; that proceedings were prosecuted for establishing a ditch and assessing the expense of constructing it upon landowners; that the petition for the ditch alleged that its construction would benefit a public highway belonging to Decker township, of which township the appellee is the trustee; that notice of the petition in the drainage case was given to the trustee; that the assessment against Decker township was two hundred dollars, and that a final order approving reports and assessments was made by the court.

It is also alleged that the trustee has in his hands funds belonging to the township sufficient to pay the assessment.

The prayer is for a writ of mandate to compel the trustee to pay the assessment.

Under the decision in *Young* v. *Wells*, 97 Ind. 410, the assessment against the township was properly made, and, if properly made, it must be enforceable. The case cited has been followed and approved in a subsequent case, and must be regarded as correctly expressing the law. *Grimes* v. *Coe*, 102 Ind. 406.

As the court had authority to make the assessment, it is legally enforceable against the township. There is no discretion in the township trustee to pay, or refuse to pay, an assessment made by the court in a drainage proceeding, for, after the case has been determined by a judgment, the question of the validity of the assessment is conclusively established as against a collateral attack. If there is a valid assessment, it is the imperative duty of the township trustee to pay it if he has money belonging to the proper funds in his hands. A duty of such a character may be enforced by mandate.

The decision in *Jones* v. *Dunn*, 90 Ind. 78, does not, when properly understood, conflict with the decision in *Young* v. *Wells, supra*. All that is decided in the former case is, that, under the statutes there referred to, the superintendent of roads is the proper officer to determine the expediency of filing a petition to construct a ditch for the benefit of a highway.

The judgment in the ditch case concludes the appellee as to all questions which might have been properly litigated in that case, so that the only question presented by this record is as to the jurisdiction of the court to render that judgment, and, as we have seen, it did possess that jurisdiction. All questions as to the regularity of those proceedings are settled by that judgment, and nothing now remains for the trustee to do but to pay the assessment. It is not necessary for the superintendent of roads to order the payment of the assess-

ment, for that was done much more effectually by the judgment in the ditch proceedings than the superintendent could do it.

Judgment reversed, with instructions to overrule the demurrer to the complaint.

Filed Feb. 15, 1887.