Filed March 17, 1892.

---

No. 15,097.

## YANCEY ET AL. *v.* THOMPSON ET AL.

DRAINAGE.—*Remonstrance.—Signed by Two-Thirds of Land-Owners.—Who May be Counted.*—Certain persons petitioned the board of county commissioners for the establishment of a ditch, describing the lands and giving the names of the owners thereof that would be affected thereby. After proper notice the petition was referred to three commissioners, who included in their report descriptions of lands and the names of the owners thereof not described and named in the petition. Certain of the land-owners, two-thirds in number of the entire number reported by the commissioners that would be affected by the proposed ditch, filed a remonstrance against its establishment, and the proceedings were dismissed. *Held,* that the land-owners whose lands and names were described and inserted in the petition as lands and persons who would be benefited or damaged by said proposed ditch, could not be counted in ascertaining whether two-thirds of the persons so benefited or damaged had signed said remonstrance. Elliott's Supp, section 1186.

From the Benton Circuit Court.

*M. H. Walker* and *G. H. Gray,* for appellants.

*U. Z. Wiley,* for appellees.

OLDS, J.—This was a proceeding commenced in the circuit court in pursuance of the drainage act of 1885 for the construction of a drain. A proper petition was filed, and the matter was referred to the drainage commisisoners in accordance with the statute, and the commissioners made report, naming in their said report lands as affected by such proposed work which were not named in the petition. The persons whose lands were thus named in the report and not named in the petition constituted two-thirds of the landowners resident in the county where the lands affected are situated, whose lands were reported as affected by the proposed drain remonstrated in writing against the construction of the proposed drain, and the court sustained their remonstrance and dismissed the proceedings at the costs of the petitioners. Proper exceptions were reserved, and this ruling of the court is insisted upon as error. This presents for the first time the question as to the proper construction to be placed on section 3 of the Drainage Act of 1885, Elliott's Supp., section 1186.

It is evident that this statute, as well as others relating to the same subject, was drawn with a view to promote drainage, and with an intention to make certain steps once taken in the progress of drainage proceedings final, and to prohibit their being interfered with or set aside, even by persons who might be brought into and become parties to the proceeding after such steps were once taken. Section 2 of the act (Elliott's Supp., section 1185) provides for the institution of the proceeding, the filing of the petition and what it should state, requiring a description of the lands which, in the opinion of the petitioners, will be affected, together with the names of the owners thereof, and it requires that the petition shall be verified. It was evidently the intention of the legislators that this section would secure the insertion into the petition of a description of all lands which the petitioners had reason to believe would be affected by the proposed drain and the names of the owners. The law presumes upon the

Yancey *et al. v.* Thompson *et al.*

good faith of the proceedings. Section 3 provides for a notice of the filing of the petition and ten days after notice is given to those named in the petition to demur, remonstrate or object to the form of the petition or to the drainage commissioners. It also provides that at this stage of the proceedings the petition shall be dismissed provided two-thirds of the land-owners named as such in such petition are residents in the county or counties where the lands affected are situated shall remonstrate in writing against the construction of such drain. First, the Legislature has made provision for bringing all persons interested before the court by requiring their lands to be described, and they to be named in the petition, and for notice to be given to them. It is then provided that objection may be made to the form of the petition, and to the drainage commissioners acting in the matter, and for the dismissal of the proceedings on remonstrance.

It is then provided that in case no remonstrance is filed, and if the court shall deem the petition sufficient, the court shall make an order referring the petition to the drainage commissioners. It provides that all objection to the petition or to the acting of any drainage commission not made within the ten days shall be waived. The manner of proceeding by the commissioners is pointed out and their duties defined. Finally in section 3 it is provided that where lands not named in the petition arc named in the report of the drainage commissioners, ten days' notice of the time of hearing the report shall be given to the owner of such land at the cost of the petitioners, and the court shall continue the hearing of the whole petition until the notice shall have been given, and that such proceedings shall be had in relation to such report as if the whole lands had been named in the petition.

It was evidently intended by the Legislature that all the parties interested should be brought into court by the petition and notice, and all preliminary questions relating to the

petition, the qualifications of drainage commissioners, and as to the further prosecution of the proceedings, should be finally settled before the matter was referred to the drainage commissioners and additional costs incurred. To further protect the interest of all parties whose lands might be considered by the drainage commissioners to be affected, it is provided that if the petitioners should have erred in their judgment as to what land would be affected, or if the commissioners should be of the opinion that other lands than those named in the petition would be affected, they should be notified of the proceedings by the petitioners at their own costs, and that such land-owners should not have any right at that stage of the proceedings to raise any objection to the form of the petition, the competency of the drainage commissioners to act, or in relation to the prosecution of the proceedings, yet they should have the same rights as those who were named in the petition as to their substantial rights, as presented by the report of the commissioners. The grounds of objection and remonstrances to the report which may be made are enumerated and fixed by section 4 of the act.

The latter clause of section 3 provides, in effect, that where lands not named in the petition are named in the report, they shall be regarded as having been, in fact, described, and the owners named in the petition. It is evident from this provision, we think, that the new parties brought in by the report shall have the same rights as the others would have at that stage of the proceedings. The time has then passed for a person whose lands were, in fact, described in the petition, and who was, in fact, named in the petition, to raise any objection to the petition, to the competency of the drainage commissioners, or for two-thirds of them to remonstrate and dismiss the petition. The new parties occupying the same attitude, and having only the same rights as the old ones at that time, they can raise none of those objections. If by reason of the new parties having had no

notice of the proceedings up to this date, they can go back and remonstrate and dismiss the case, they certainly would on the same ground go back and object to the form and sufficiency of the petition and to the competency of the drainage commissioners. We do not think such was the intention of the statute, but, on the contrary, it was intended to bring the new parties in by notice, and that they should occupy the same attitude and have the same rights that the other parties had at that stage of the proceedings, and which in fact gives them a hearing and protects them in all their substantial rights, and prohibiting them from raising any objection to the proceedings had up to that time.

It follows from the conclusion we have reached that the court erred in dismissing the petition on the remonstrance of the appellees on the grounds that two-thirds of those whose lands were affected, as shown by the report, remonstrated against the construction of the drain.

Judgment reversed, with instructions to the court below to set aside the judgment of dismissal and to proceed in accordance with this opinion.

