Zumbro *et al. v.* Parnin *et al.*

Filed May 28, 1895.

———◆———

No. 17,408.

ZUMBRO ET AL. *v.* PARNIN ET AL.

PARTIES.—*Drainage Proceeding.—Persons Interested in Subject-Matter.—Statute Construed.—*Section 273, R. S. 1894, providing that when a person not a party to an action but having an interest in the subject thereof may be made a party, applies to all parties to any controversy in the nature of a civil action, and, consequently, applies to a drainage proceeding.

DRAINAGE.—*Parties in Interest.—Lands of Persons not Parties Affected.—May be Made Parties.—Extent to Which Lands of Such Parties are Affected, How Determined.—*Where a person is made a party defendant in a drainage proceeding on the ground that his lands will be affected by the drain, the question of the extent to which such new lands will be affected is referred to the commissioners, and all proceedings are had with reference thereto the same as upon original petition.

SAME.—*Judgment of Petitioners as to Lands Affected not Conclusive.—*The judgment of the original petitioners, as to the lands affected, is not conclusive, for such theory would deny a hearing to one affected and not made a party, and would afford opportunity for imposition by the petitioners.

SAME.—*Rights of Persons Made Parties After Filing of Petition.—Remonstrance.—*Persons made parties after the filing of the petition and before action thereon by the commissioners, become parties to the petition, and possess just as much rights either separately or in connection with others, as any party to the petition possesses, and may join in remonstrance.

SAME.—*Parties.—Township a Necessary Party.—*Since a township is made liable for assessment of benefits, the township is a necessary

party as a landowner, and is permitted to oppose the levy of assessments against it.

From the Allen Circuit Court.

*T. E. Ellison,* for appellants.

*W. G. Colerick,* for appellees.

HACKNEY, J.—In the circuit court the appellants sought to establish a public drain, making the appellees, excepting Noah Knepper, parties. Within ten days after the petition was docketed as an action said Knepper appeared, and, upon application in writing, was made a party defendant, without any objection whatever from the petitioners. Within the time allowed the appellees, including Knepper, filed a remonstrance against the establishment of the proposed drain, and constituting two-thirds in number of all the parties to the proceeding, they prayed the dismissal of the petition. At the next term of court the petitioners sought and obtained leave to amend their petition, in respect to the course of the proposed drain, as claimed to have been erroneously described in the petition as originally filed. After the amendment the appellants moved the court to strike from the files the application of Knepper to be made a party. Affidavits were filed in support of and in opposition to said motion, and the court overruled said motion and dismissed the proceeding as prayed in said remonstrance.

The two rulings of the court in refusing to strike out Knepper's application to be made a party, and in dismissing the proceedings, are the only alleged errors presented by the argument. Upon the affidavits the issue was submitted, and determined in favor of Knepper, that his lands would be affected by the proposed drainage. Of the fact thus determined no question is made, but the

learned counsel for appellants insist that when the petitioners have alleged the names of those whose lands "it is believed will be affected by the proposed drainage," such allegation is conclusive, and will not admit of inquiry upon the application of others not so named. It is said that the court, acting upon the presumption that section 272, R. S. 1881 (section 273, R. S. 1894), applied to the question of practice, admitted and continued Knepper as a party by virtue of the provisions of that section. It reads as follows: "The court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others or by saving their rights; but when a complete determination of the controversy can not be had, without the presence of other parties, the court must cause them to be joined as proper parties. And when, in an action for the recovery of real or personal property, a person not a party to the action, but having an interest in the subject thereof, makes application to the court to be made a party, it may order him to be made a party by the proper amendment."

Counsel does not claim that the rules of the civil code do not apply, but it is urged that the section quoted applies only in actions for the recovery of real or personal property. The language of the section is broad enough to include and admit all parties to any controversy in the nature of a civil action. See *Crume* v. *Wilson*, 104 Ind. 583; *Bell* v. *Cox*, 122 Ind. 153.

These proceedings were instituted under the act of April 6, 1885; Elliott Supp., section 1184, *et seq.*; R. S. 1894, section 5622, *et seq.*, and by the provisions of that act new parties may be admitted, under section 3 of the act, when the commissioners report, as affected, lands not included in the petition, and, under section 8, upon the petition of any person interested, "showing that

lands not mentioned in the original petition are affected, as he believes, by such drainage.''

After such petition and such notice as the court may direct, the question of the extent to which such new lands are affected is referred to the commissioners, and all proceedings are had with reference thereto the same as if upon original petition.

There is no reason for excluding any person whose lands are affected by the proposed drainage, and there is strong reason for including all who are affected. It could not have been intended that the judgment of the original petitioners, as to the lands affected, should be conclusive since that theory would have denied a hearing to one affected and would have afforded opportunities for imposition by the petitioners.

We have no doubt of the correctness of the court's action in admitting Knepper as a party, and, if it were doubtful, it may be seriously questioned whether the appellants could raise the question after permitting him to become a party without objection or exception.

The ruling of the court in dismissing the proceeding is objected to, *first,* because, it is urged, Knepper having been admitted as a party, and not having been named in the petition, had no right to join in the remonstrance praying a dismissal; and, *second,* that conceding Knepper's right to join, the trustee of Aboit township, was not a party whose interests permitted him to join, and that without him there were not two-thirds of the parties remonstrating.

To the first of these propositions is cited *Yancey* v. *Thompson,* 130 Ind. 585. In that case the new party was admitted pursuant to the report of the commissioners that his lands would be affected, and, consequently, after the remonstrance day, so far as concerned all par-

ties but himself. It is evident, as there held, that his coming into the case would not, in the face of the statute, enlarge the rights of those brought in by the original petition so as to enable them to remonstrate after their day for remonstrance had passed.

After the proceeding has been docketed as an action, ten days are given for remonstrating, and it is provided that if "two-thirds in number of the land owners named as such in the petition, resident in the county or counties where the lands affected are situated, shall remonstrate in writing against the construction of such drain or ditch, such petition shall be dismissed at the cost of the petitioners."

If no such remonstrance is filed, reference is made to the commissioners.

The appellee Knepper, coming in as he did, became a party to the petition, and possessed just such rights, either separately or in connection with others, as any party to the petition possessed. Not so if he had been brought in after action by the commissioners, after costs had been made and after those originally named had surrendered any right to remonstrate.

As to the second proposition: Can the trustee whose township is named in the petition and whose highway, under section 1192, Elliott's Supp., section 5630, R. S. 1894, is subject to an assessment for benefits, payable by the trustee from the township fund, join with others named as owners of lands affected and together constituting two-thirds of those named in the petition secure a dismissal of the petition? The question turns upon whether the township shall be regarded, for the purposes of the proceeding, as a land owner. The provision of the statute as to such dismissal is that if, at a time designated, "two-thirds in number of the land owners named in such petition resident," etc., shall "remonstrate in

writing against the construction of such drain or ditch such petition shall be dismissed.''

Under similar statutory provisions as to parties, descriptions of lands and assessments of benefits ( R. S. 1881, sections 4273 to 4284), it was held, in *Young, Tr.,* v. *Wells,* 97 Ind. 410, that the township was a necessary party as the owner of lands, the highways to be benefited, and that it was entitled to notice of the proceeding for drainage, that its officers and agents might have an opportunity and time to defend the township against any contemplated or possible assessment. That case has been followed upon the point in question in *Troyer* v. *Dyar,* 102 Ind. 396; *Indianapolis, etc., Gravel Road Co.* v. *State, ex rel.,* 105 Ind. 37; *State, ex rel.,* v. *Thompson, Trustee,* 109 Ind. 533.

By the clearly expressed provisions of the statute under consideration here the township is made liable for the assessment of benefits, and, upon the foregoing authorities, it is a necessary party as a land-owner. It is permitted to oppose the levy of assessments against it, and we can perceive no good reason for holding that it is a party with no standing as a property-owner when it is only by virtue of the requirement that property owners shall be named in the petition that the township becomes a party.

We concede, at once, that it is not a property-owner in the full sense that it holds in fee-simple, nevertheless, we think it must, for the purposes of the proceedings, be regarded as a property-owner.

In our judgment, there was no error in dismissing the petition, and the judgment of the circuit court is affirmed.

Filed June 7, 1895.