HAY ET AL. *v.* MCDANIEL, JR. BY NEXT FRIEND.

[No. 3,805.   Filed May 28, 1901.]

RECEIVERS.—*Action Against Life Tenant.*—An action cannot be maintained by the owner of real estate against the life tenant solely for the appointment of a receiver for the property on a complaint that the life tenant failed to keep the property in repair and allowed taxes and street improvement assessments to remain unpaid.   *pp. 683-688.*

ESTATES.— *Life Tenant.— Permanent Improvements.* —Assessments for street and sewer improvements are not charges against the life estate solely, but must be equitably prorated between the remainder-man and the life tenant, taking into consideration the probable duration of the life estate, and all other relevant facts.   *p. 688.*

From the Clark Circuit Court.   *Reversed.*

*H. M. Dowling* and *J. G. Howard,* for appellants.

*L. A. Douglass,* for appellee.

ROBY, J.—Appellee's complaint avers ownership of two certain tracts of real estate in Jeffersonville by appellee and appellant Chas. S. Hay in equal shares as tenants in common, subject to an estate in Lottie M. Hay for the life of one Richard McDaniel.   That said real estate is improved property, one tract having upon it a two-story brick business building and dwelling-house combined, and the other one a two-story frame dwelling-house.   That the life tenant had leased and rented the property for a long time, and that the same was and had been for many months occupied by tenants at a good rental, aggregating $32 per month, which sum said appellant has been receiving as such rent for as much as two years last past; "that she has failed and neg-

lected to keep up and maintain said property in good repair, and has suffered taxes and liens to accumulate and remain unpaid upon the same, although she has had and collected more than sufficient money from said property to pay the same, to wit: That there has accumulated State and county taxes to the amount of $103.73, and city taxes to the amount of $103. That the same are delinquent, and costs and damages and the interest has and is accumulating upon the same. That upon the first described tract there have been certain street and sewer improvements to the amount of $100 which is a lien upon the property and is drawing interest at six per cent. from August 8, 1898, and attorney fees thereon. That said property and the fee thereof may be sold to pay said taxes and said improvement liens to the great damage and loss of plaintiff and to his said title and interest in the fee of said real estate. That she has also permitted said property to become out of repair in this: "That the said brick house is in great need of painting to preserve the building; that the joists in the lower floor thereof have rotted and the floor has fallen in and down and should be replaced with a new one or with new joists. The inner woodwork of the said house needs general fixing up and repair. The said frame house is out of repair throughout, the roof, floors, windows, and doors all needing general overhauling, and a portion of the fences about said place is fallen down, and many places about said house are rotted and need replacing. That by said neglect the said property is in danger of being materially injured, and that ample justice between the parties hereto and protection to the rights of the plaintiff as owner of the interest in the fee of said property require the appointment of a receiver to take charge of the said property, collect the rents, and apply the same to the payment of the said taxes and liens; and that the said property may be placed in repair and maintained. Plaintiff says that he is a minor, and under the age of twenty-one years, and he brings this action by his next friend, Winfield S. McDaniel, Sr. Wherefore plaintiff

prays an order of court that a receiver be appointed to take charge of the said property, collect the said rents, pay the said taxes and liens thereon, place the said property in repair, maintain the same in said condition, and for such other orders in the premises as may be just and equitable, and for all other proper relief."

To this complaint a demurrer for want of facts was overruled, an exception taken, and the action of the court therein assigned as error. An answer in general denial was filed with an affirmative paragraph, which is not important to the questions presented to this court. The finding was for appellee as follows: "That the material allegations of the plaintiff's petition herein are true, and a receiver should be appointed to take charge of the real estate and property described in the petition, collect the rents thereof, pay taxes and any and all liens thereon, and to place and maintain the said property in repair, and that plaintiff ought to recover of the defendant, Lottie M. Hay, his costs herein laid out and expended. It is therefore ordered, adjudged, and decreed by the court that a receiver be and the same is now appointed to take charge of the said property described in the complaint, to wit: The real estate in the county of Clark, in the State of Indiana, and being in the city of Jeffersonville, and described as follows, to wit, [Here follows description]; and of the improvements thereon; that such receiver collect the rents and income of said property, and apply the same as follows, to wit: . (1) To the payment of all taxes and liens thereon; that he place the same in proper and reasonable repair, and maintain the same in proper and reasonable repair".

Appellant's motion for a new trial setting up that the finding and judgment was not sustained by the evidence and was contrary to law was overruled, an exception reserved, and such action of the court is assigned as error.

The primary question in the case is as to the appellee's right to maintain an action for the sole purpose of securing the appointment of a receiver. If this may not be done the

complaint is bad, and the demurrer to it should have been sustained. A receiver is an indifferent person, between the parties to a cause, appointed by a court to receive or preserve the property or fund in litigation *pendente lite,* when it does not seem reasonable to the court that either party should hold it. *Booth* v. *Clark,* 17 How. 322. A receiver is not the agent of either party. He is the "right hand of the court." His possession is the possession of the court which through him takes the property and holds it until final decree, at which time the functions of the receiver end, except as in instances he may continue in possession until the terms of the decree are complied with, but only as in the decree provided.

The complaint seeks to deprive the life tenant of the possession of real estate to which it is admitted no one else has any right of possession. The decree not only does this but by its terms excludes her from her own forever. If such actions may be maintained and such a decree sustained, the state, through its judiciary, is *parens patriae* in a sense not before realized. "The power of the courts to appoint receivers is one of the highest and most unusual characters vested in courts of chancery, and is never exercised in doubtful or evenly balanced cases; but is exercised only where justice would in all probability be defeated by withholding it." *Corbin* v. *Thompson,* 141 Ind. 128. The jurisdiction to appoint receivers is ancillary as distinguished from original. It is a provisional and incidental remedy and is not the ultimate object of a suit. *Cooke* v. *Gwyne,* 3 Atk. 689; Beach on Receivers, (Alderson's ed.), §51; Edwards on Receivers, p. 13; Smith on Receivers, §2; Kerr on Receivers, p. 11.

There has been a marked development of the law of receiverships since 1873. Beginning with the financial panic of that year the practice of appointing receivers in cases of insolvency and threatened insolvency has grown far beyond the boundaries formerly recognized. *Central Trust Co.* v. *St. Louis, etc., R. Co.,* 29 Fed. 618, probably marks

the limit. A receiver was appointed in that case for an insolvent corporation in order that its property might be kept intact. There are strong reasons supporting the action thus taken, but they are not applicable to the case at bar nor are its facts analogous. The authority of the case is denied by courts of high standing. *State, ex rel.* v. *Ross,* 122 Mo. 435, 23 L. R. A. 534. See also Beach on Receivers, §51.

Without citing further authorities it may be taken as established that at common law this action could not be maintained. The rule that the proceeding is ancillary is emphasized by the exception. It remains then to inquire whether it can be maintained by virtue of the statute. Section 1236 Burns 1894 provides for the appointment of receivers in certain named actions. Subdivision 5 authorizes such appointment when a corporation has been dissolved, or is insolvent, or is in imminent danger of insolvency, or has forfeited its corporate rights. In *Iron Hall* v. *Baker,* 134 Ind. 293, the court held that under this subdivision a suit could be maintained for the sole purpose of securing the appointment of a receiver for a corporation coming within its terms. The general rule is recognized and stated by the court as follows: "As a rule, if not universally, the appointment of a receiver is ancillary to the main cause pending. As in a case for the foreclosure of a mortgage, an action by a creditor against an insolvent corporation in which he asks judgment for his claim, the dissolution of a partnership or a corporation, and many like cases," p. 309. To the same effect see *First Nat. Bank* v. *United States, etc., Co.,* 105 Ind. 227. In *Pressley* v. *Lamb,* 105 Ind. 171, two questions were decided: (1) As to the power of conferring jurisdiction by an appearance in vacation without process, and (2) as to the power of a judge in vacation to make an order appointing a receiver. The court held that the judge had such power, and that the order made by him could not be collaterally attacked. Mitchell, J., in dissenting from the conclusion stated, con-

cisely and accurately (see pp. 191, 193), general propositions applicable to such proceedings. See, also, *Bufkin* v. *Boyce,* 104 Ind. 53.

In the well considered case of *State* v. *Union Nat. Bank,* 145 Ind. 537, the authorities are reviewed and the conclusion reached that as to an individual the statute creates no exception to the general rule. It follows that the complaint did not state facts sufficient to constitute a cause of action. Neither can the action be sustained as one for the protection of the estate of an infant, for the reason that it does not proceed upon that theory; whether it could have been made good, upon such theory, is not a question now before the court.

The evidence is in the record. It appears that the taxes referred to in the complaint were paid before the trial. The assessments for street and sewer improvements are not charges against the life estate solely. It is right that the life tenant pay current taxes since she has the present use of the property. Permanent improvements add to the value of the entire estate, and the burden of making them must be equitably prorated between the remaindermen and the tenant for life, taking into account the probable duration of the estate and all other relevant facts. *Huston* v. *Tribbett,* 171 Ill. 547. Rice on Real Property, §70.

It is not shown by the evidence that appellant has failed to repair the premises. On the contrary it appears without dispute that during the two and one-half years of her tenancy she has expended for repairs on the two houses $400. The showing was insufficient to justify the appointment of a receiver had the pleadings and issue made otherwise permitted it.

Judgment reversed, with instructions to sustain the demurrer to the complaint.