## SMALL ET AL. *v.* BUCHANAN ET AL.

[No. 20,601. Filed November 28, 1901.]

1. APPEAL AND ERROR.—*Decisions.—Authority of.—Dictum.*— Dictum is not binding upon the courts. p. 553.

2. COURTS.—*Drainage Commissioners.—Disqualification by Interest.* — Drainage commissioners, clothed with *quasi* judicial powers, must be disinterested as to the parties to be affected by their decision. p. 553.

3. DRAINS. — *Drainage Commissioners.—Incompetency.—Waiver.
—Statutes.*—Section 5624 Burns 1901, Acts 1901, p. 161, §2,
providing that "all objections to * * * the acting of any
drainage commissioner not made within said ten days shall be
waived," gives ten days from the time the landowner is notified
for an opportunity to object before any waiver is imposed
thereby. p. 554.

4. SAME. — *Drainage Commissioners. — Relationship to Land-
owners.—Degree.—Statutes.*—Under §240 Burns 1901, §240
R. S. 1881, a drainage commissioner who is related within the
sixth degree or the degree of second cousin to any interested
landowner is disqualified. p. 554.

5. SAME. — *Drainage Commissioners.—Disqualification.—Report.*
—A report by drainage commissioners appointed pursuant to
§5624 Burns 1901, Acts 1901, p. 161, §2, a majority of whom are
related to interested landowners within the degree disqualified
by §240 Burns 1901, §240 R. S. 1881, will, upon an objection
made within ten days after the first notice to a landowner of
an assessment, be set aside. *Yancey* v. *Thompson*, 130 Ind. 585,
limited. p. 554.

From Clinton Circuit Court; *Albert D. Thomas,* Special
Judge.

Drainage petition by Charles T. Buchanan and others,
against which James M. Small and others remonstrate.
From a judgment for petitioners, remonstrants appeal.
Transferred from 'Appellate Court under §1337u Burns
1901, Acts 1901, p. 590. *Reversed.*

*B. F. Ratcliff,* for appellants.
*Andrew J. Shelby, Guenther & Clark* and *Harry C.
Sheridan,* for appellees.

MONTGOMERY, J.—Appellees commenced this proceed-
ing by filing their petition in the Boone Circuit Court for
the construction of a public ditch. Upon application for a
change of venue the cause was transferred to the court be-
low, and after a trial the drain was established and ordered
constructed. The original assessments proved inadequate
to cover the cost of the work, and a supplemental petition
was filed in the Clinton Circuit Court asking authority to

make additional assessments to provide funds for the completion of the ditch. The matter was heard and duly referred to the drainage commissioners, who made additional assessments and filed their report, in which lands of appellants were for the first time assessed. Appellants had not been parties to the proceeding prior thereto, nor had any notice of its pendency, but, upon the filing of this report, they were duly brought into court upon notice. At the time fixed by said notice for hearing, appellants appeared, and each filed a motion, supported by affidavits, to reject the report of the drainage commissioners, for the reason that two of them were related, as shown, within the sixth degree, to various parties whose lands were assessed by them for the construction of said ditch. These several motions were overruled, and appellants duly excepted. Appellants thereupon filed separate remonstrances to the report of the commissioners, the fourth specification of which alleged the kinship of two of the commissioners to parties whose lands were affected, and further alleged that the remonstrators' names and lands had been omitted from the supplemental petition by the petitioners, with the fraudulent intent of preventing them from appearing and making objection to the qualification of said drainage commissioners at the time this matter was referred to such commissioners. This specification or ground of remonstrance was stricken out upon appellees' motion, and appellants severally excepted. A trial upon the other causes stated in the remonstrances resulted in a finding and judgment against appellants.

The question presented by this appeal is whether a landowner, brought into court for the first time in response to a notice that his lands have been assessed for the construction of a ditch by the report of drainage commissioners, under §5624 Burns 1901, Acts 1901, p. 161, §2, may at that time question the competency of such commissioners to act on account of their kinship to some of the petitioners. It is in-

sisted by appellees that upon the authority of *Yancey* v. *Thompson* (1892), 130 Ind. 585, this question must be answered in the negative.

Section 5624, *supra,* provides, among other things: "Any person named in such petition as the owner of land shall have ten days, exclusive of Sunday, and the day of docketing such action, after such docketing, to file with said court any demurrer, remonstrance or objection he may have to the form of said petition, or as to why said drainage commissioners, or either of them, on account of their interest in said work, or kinship to any person whose lands are affected thereby, should not act in the matter. * * * All objections to the petition or the acting of any drainage commissioner not made within said ten days shall be deemed waived. * * * And provided further, that in all cases where lands are named in said report as affected by such proposed work, which are not named in the petition, the court shall fix a time for hearing the report, and it shall be the duty of the petitioners, at their own cost, to give ten days' notice to the owners of such lands of the filing of such report in the same manner as is herein required to be given of the filing and docketing of the petition, which notice shall state the time for hearing such report, and in such case the court shall continue the hearing of said entire report until such notice has been given as last above provided. The same proceedings shall be had in regard to such report as if all the lands mentioned therein, and the owners thereof, had been named in the original notice of the filing of the petition."

In the case of *Yancey* v. *Thompson, supra,* the point presented and decided was that new parties brought in by the report of drainage commissioners under the above statute could not unite in a remonstrance, and, thereby constituting two-thirds of all persons whose lands would be affected by the proposed ditch, on the ground of numbers dismiss the proceeding. In disposing of the question pre-

sented the court said: "If the commissioners should be of the opinion that other lands than those named in the petition would be affected, they should be notified of the proceedings by the petitioners at their own costs, and that such landowners should not have any right at that stage of the proceedings to raise any objection to the form of the petition, the competency of the drainage commissioners to act, or in relation to the prosecution of the proceedings, yet they should have the same rights as those who were named in the petition as to their substantial rights, as presented by the report of the commissioners."

The authority of that case can not be extended beyond the point actually presented and decided. The statement of the court above quoted with regard to the question now under consideration was not necessary to a decision of that case, although the two questions are closely related.

The statute above quoted clearly evinces a legislative intention to secure disinterested and impartial drainage commissioners. It is a fundamental principle that all tribunals clothed with judicial or *quasi* judicial functions shall be disinterested and unbiased in all matters brought before them. Any other rule or doctrine would be abhorrent to a natural sense of justice, and incompatible with judicial action. Courts will not construe a statute so as to deny to parties a right so elementary and important as that of having a fair and impartial tribunal to determine property interests, unless such construction is forced upon them by the very terms of the act.

The statute says: "The same proceedings shall be had in regard to such report as if all the lands mentioned therein, and the owners thereof, had been named in the original notice of the filing of the petition." The proceedings to be had in pursuance of the notice upon the original petition contemplated a hearing of any timely objections to the qualifications or competency of the drainage commis-

sioners. The right of a landowner affected to have disinterested and impartial men to make the first assessments of benefits against his lands is a substantial right, and should be secured equally to all concerned, who are vigilant in asserting it.

The statute further says that objections not made within the time prescribed shall be deemed waived. Correctly speaking, a waiver can only occur when the party having the opportunity fails seasonably to assert a known right. Appellants, not having been parties to the proceeding or aware of its pendency until after notice of the filing of the commissioners' report making assessments against their lands, were not called upon to act, had no rights to assert, and no opportunity to appear, and the statute can not reasonably or justly be construed to mean that their silence during this period operated as a waiver of the disqualification of commissioners in whose selection they did not participate or acquiesce.

Section 240 Burns 1901, §240 R. S. 1881, provides: "When a person is required to be disinterested or indifferent in acting on any question or matter affecting other parties, consanguinity or affinity within the sixth degree, inclusive, by the civil-law rules, or within the degree of second cousin, inclusive, shall be deemed to disqualify such person from acting, except by consent of parties." This statute confirms the principle above stated. Appellants neither consented to the selection or the serving of the incompetent commissioners, but on the contrary made their objections at the earliest opportunity afforded.

A majority of the drainage commissioners were, upon the facts shown, disqualified on account of kinship. Appellants did not waive such incompetency, but made seasonable objection thereto. The report of the drainage commissioners was voidable as against appellants, and should have been rejected upon their motion. *Markley* v. *Rudy* (1888), 115 Ind. 533; *High* v. *Big*

*Creek Ditching Assn.* (1873), 44 Ind. 356; *Bradley* v. *City of Frankfort* (1885), 99 Ind. 417; Elliott, Roads and Sts. (2d ed.), §283.

The judgment is reversed, with directions to sustain appellants' motion to reject the report of the drainage commissioners, and for further proceedings in accord with this opinion.