## Ross et al. v. Hannah et al.

[No. 21,463.   Filed March 18, 1910.]

1. DRAINS.—*Remonstrances.—Time for Filing.—Subsequent Parties.*—Where a drainage petition is filed and no remonstrance is filed within the statutory time, persons subsequently made parties thereto because of interest cannot remonstrate. p. 671.

2. STATUTES.— *Judicial Construction.— Reënactment.—* A statute reënacted after a judicial construction, is impressed with such construction. p. 673.

3. DRAINS.—*Parties.—Notice.—Judgment.*—An order docketing a drainage petition is a finding that the parties were served with the statutory notice, and upon a motion to strike out a remonstrance filed by one of such parties after the expiration of the statutory time for the filing thereof, is conclusive as to jurisdiction over such party. p. 674.

From Tipton Circuit Court; *Leroy B. Nash,* Judge.

Drainage petition by Martha A. Hannah and others, against which Matt F. Ross and others remonstrate. From a judgment for petitioners, remonstrators appeal. *Affirmed.*

*Every A. Mock,* for appellants.

*Dan Waugh,* for appellees.

MONKS, J.—This proceeding was brought under the drainage law of 1907. Acts 1907, p. 508, §6140 *et seq.* Burns 1908.

It appears from the record that a remonstrance was filed on October 26, 1908, within twenty days, exclusive of Sundays, from the day set for the docketing of said petition, under the following provisions of §6142, *supra:* "Provided, that if within twenty days, exclusive of

Sundays, from the day set for the docketing of such petition, two-thirds in number of the landowners named as such in such petition, or who may be affected by any assessment or damages, resident in the county or counties where the lands affected are situated, shall remonstrate in writing against the construction of such drain or ditch, such petition shall be dismissed at the cost of the petitioners. * * * If no remonstrance shall be filed, and the court deems said petition sufficient, such court shall make an order referring the same to the drainage commissioners above provided for.''

Afterwards, on November 10, 1908, at the November term of said court, the court found that two-thirds of the landowners had not remonstrated as required by said proviso, and made an order referring the petition to the drainage commissioners, as provided in §6142, *supra*.

Afterwards, on October 1, 1908, the drainage commissioners filed their report. On December 5, 1908, at the November term, 1908, the court set the hearing of said report for December 19, 1908. By this report, persons not named in the petition were brought in and notice given to them, as required by said act. Hill, Smith and Wooten, three of the persons not named in the petition, whose lands had been brought in by said report, on December 9, 1908, filed a remonstrance under the first provision of §6142, *supra*, known as the two-thirds remonstrance clause, upon the theory that they were entitled to unite with the remonstrance filed October 26, 1908, and thereby defeat said proceeding under said proviso.

Sarah I. Graff, who was named in the petition, on December 12, 1908, filed a remonstrance under the same clause of said section.

Appellees filed a motion to strike out said two remonstrances, stating, among other grounds therefor, that they were not "filed within twenty days, exclusive of Sundays, from the day set for the docketing of the petition," as required by said first proviso of §6142, *supra*.

The court sustained said motion and rendered judgment approving and confirming the assessments, and declaring the proposed work established.  Appellants appealed from said judgment under the provisions of §6143, *supra,* and by the assignment of errors challenge the action of the court in striking out said remonstrances.

In the case of *Yancey* v. *Thompson* (1892), 130 Ind. 585, which was a proceeding under the drainage law of 1885 (Acts 1885, p. 129), it was held by this court that the new parties brought in by the report of the drainage commissioners had no right, after being so brought in, to unite in a remonstrance under a statute which is substantially reënacted in the first proviso of §5624 Burns 1901, Acts 1901, p. 161, §2, which provided for a two-thirds remonstrance against the construction of the drain, and thereby to dismiss the proceeding, if the time fixed in said proviso for the filing of said remonstrance had expired.  This holding was approved by this court in the case of *Keiser* v. *Mills* (1904), 162 Ind. 366, 372.  See, also, *Zumbro* v. *Parnin* (1895), 141 Ind. 430, 433, 434; *Bell* v. *Cox* (1890), 122 Ind. 153.

The decision in the case of *Small* v. *Buchanan* (1901), 165 Ind. 549, in no way modified or affected that part of the decision in *Yancey* v. *Thompson, supra,* construing the first proviso of §5624, *supra,* in regard to the time within which remonstrances must be filed under said proviso.

It is a well-settled rule of statutory construction that when a statute or a part of a statute has been construed by the court of last resort in a state, and the same is substantially reënacted, the legislature adopts such construction, unless the contrary is clearly shown by the language of the act.  *Board, etc.,* v. *Conner* (1900), 155 Ind. 484, 496, and cases cited; *Marshall* v. *Matson* (1908), 171 Ind. 238, 244, and cases cited; *McIntyre* v. *State* (1908), 170 Ind. 163-165, and cases cited.

In 1907, after the first proviso in §5624, *supra,* had been

construed by this court in *Yancey* v. *Thompson, supra,* and the other cases mentioned, the same was substantially reenacted as the first proviso in section three of said drainage law of 1907 (§6142, *supra*). As there is nothing in said drainage law of 1907 showing that it was the intention not to adopt the construction given by this court to said first proviso of §5624, *supra,* it must be presumed that such construction was adopted in substantially reenacting said first proviso as the first proviso in §6142, *supra*. It follows that the court did not err in sustaining the motions to strike out said two remonstrances.

It may be further said in regard to the remonstrance of Sarah I. Graff, that she was named in the petition, and the record shows that after proof of service of notice by posting notices and delivering copies thereof to said Graff, and the other persons named in the petition, the court ordered the cause docketed. She did not join in the remonstrance filed October 26, 1908, although the record shows she was then a party to the proceedings, and had been served with notice, as the court found and adjudged by ordering the cause docketed. True, it is said in the remonstrance that she "had no notice of the proceedings or when the petition would come up for a hearing." Such allegations in the remonstrance are of no effect as against the finding and judgment of the court, that she was served with the notice required by said act.

Finding no error in the record, the judgment is affirmed.