Rayl v. Kirby—180 Ind. 553.

---

RAYL ET AL. *v.* KIRBY ET AL.

[No. 22,234. Filed June 20, 1913. Rehearing denied December 9, 1913.]

1. DRAINS.—*Proceedings to Establish.—Remonstrances.—Number of Remonstrators.*—Persons whose lands are affected by a proposed drain, even though they are not named in the petition or remonstrance, may be counted in determining the sufficiency of a remonstrance with reference to the number of remonstrators, since such persons, as well as owners named in the petition or remonstrance, must bear the burden of any assessment that may be made against their lands. pp. 557, 562.

2. DRAINS.—*Proceedings to Establish.—Remonstrances.—Determination of Sufficiency.*—Under §6142 Burns 1908, Acts 1907 p. 508, authorizing remonstrances in drainage proceedings by "two-thirds in number of the landowners named as such in the petition, or who may be affected by any assessment or damages" by the construction of the drain, persons not named in the petition, but whose lands are affected, must be counted as landowners in determining whether two-thirds have remonstrated, even though they remain silent, since by standing silent they as effectually express their wishes as do those who remonstrate. pp. 558, 562.

3. DRAINS.—*Proceedings to Establish.—Remonstrances.—Statutes. —Construction.*—Section 6142 Burns 1908, Acts 1907 p. 508, providing for remonstrances in drainage proceedings, is a remedial statute, and should receive a construction which is fair and reasonable, with a view to permitting all who are affected to be heard. p. 558.

4. DRAINS.—*Proceedings to Establish.—Appeal to Circuit Court.*— On appeal from the board of county commissioners to the circuit court, in a drainage proceeding, the cause is tried *de novo*, and no issue can be tried on such appeal that was not involved before the board. p. 559.

5. DRAINS.—*Proceedings to Establish.—Remonstrances.—Persons Not Served With Notice.*—It does not follow that persons not served with notice are not to be counted as landowners in .determining the sufficiency of a remonstrance in a drainage proceeding, on the theory that they cannot be affected, since, where the proposed drain runs through one's land, it can be known to a certainty that he will be affected, at least as to the jurisdiction to enter upon his land, and persons not notified may be named as affected in the commissioner's report and be subsequently served with notice. p. 559.

6. DRAINS.—*Proceedings to Establish.—Notice to Landowners.*—If notice to a life tenant, in whose name the land was taxed, was sufficient to confer jurisdiction to assess the land in a drainage proceeding, such notice was binding on the remaindermen as privies in estate and in law. pp. 560, 565.

7. DRAINS. — *Proceedings to ·Establish. — Remonstrances. — Sufficiency.—Review.*—The trial court did not err in rendering judgment against remonstrators in a drainage proceeding. where under any view of the case, the remonstrance was not by the requisite two-thirds of the landowners affected. p. 560.

8. DRAINS.—*Proceedings to Establish.—Notice.—Sufficiency.*— Unless the question of a landowner's residence would affect the remonstrators in a drainage proceeding, they cannot complain that notice as to him was defective on the ground that he was served as a nonresident of the county, when in fact he resided therein. p. 561.

9. DRAINS.—*Proceedings to Establish.—Admission of Evidence.— Harmless Error.*—In determining the sufficiency of a remonstrance in a drainage proceeding, the admission of evidence as to the residence of a certain landowner, was harmless, where the result could not be affected or changed thereby; nor was it error to admit evidence of the title and residence of certain remaindermen, who were not parties, but whose lands were affected. p. 561.

From Howard Circuit Court; *William C. Purdum*, Judge.

Proceedings by William Kirby and others for the construction of a drain, in which William H. Rayl and others file remonstrance. From a judgment for petitioners, the remonstrators appeal. *Affirmed.*

*Blacklidge, Wolf & Barnes,* for appellants.

*Herron & Byers* and *Harness, Moon & Voorhis,* for appellees.

MYERS, J.—Proceeding by appellees for tiling a portion of an open public drain in Howard County, by proceedings before the board of commissioners. On general remonstrance the proceeding was dismissed. On appeal to the circuit court the remonstrance was held insufficient, and such proceedings had that the ditch was established, from which order this appeal is prosecuted. The errors assigned are predicated on exceptions to the conclusions of law on the court's special finding of facts, and in overruling the motion for a new trial, and the question to be determined is the sufficiency of the remonstrance.

The petition was signed by four persons: two Kirbys, husband and wife, who owned one tract of land affected as tenants by the entirety, and the husband owned a tract in his individual name; one signer was in fact the township trustee, but signed as an individual, though he had personally no interest; the fourth person was an individual owner. The persons named in the petition as owners of land were twenty-two in number, including in three instances husbands and wives owning as tenants by the entirety, the two Kirbys being thus included, and in addition civil Clay Township. That is, there were twenty-two persons named, six of whom were husbands and wives, and in addition the civil township. Of these individuals three were admittedly nonresidents of Howard County. A fourth person was notified only as a nonresident, as to whom it is claimed that he was in fact a resident, which was a fact disputed on the trial, and he received the notice by mail and made no appearance or objection in the proceedings. Within the twenty days provided by the statute (§6142 Burns 1908, Acts 1907 p. 508) for remonstrating, a remonstrance was filed containing the names of twelve of the persons, individual owners, named in the petition as affected, two being husband and wife.

Among these was Elizabeth Merrill a life tenant. There were in fact three remaindermen, persons resident of Howard County, and the ditch ran through their land. None of the three remaindermen were served originally with notice, or appeared to the action. It appears from the record that after the report of the commissioners came in, notice was ordered given to additional parties, and notice is shown to have been given to the trustee of the civil township, and the three resident remaindermen. This of course was after trial on the remonstrance. The court found on the trial that twenty-two persons, and in addition the civil township, were named in the petition as affected by the proceedings, in which number were included the life tenant, but not the remaindermen, and each of the husbands and wives of three instances of tenancies by the entirety, notice having been given to each, except that in cases of tenancy by the entirety notice was given the husband only. That twelve of the persons so named, including the life tenant, were residents of Howard County and signed the remonstrance, one of whom was the wife of one of the tenants by the entirety. That eight of the persons named who were residents of the county did not sign the remonstrance, of which two were the wives of tenants by the entirety, the two husbands being also counted to make up the eight, and the civil township was also counted to make up the eight, as also was the landowner Boyd, as to whom the question of residence was waged. It was also found that there were three remaindermen nonresidents of the county. The court concluded that the remonstrance was insufficient.

It is the position of appellants, that husbands and wives, where the real estate is held as tenants by the entirety, can only be counted as one person, and that in case one of the spouses holds other property in his or her individual right, having been counted as one with the spouse, he or she cannot be again counted, or taken into consideration. In view of our conclusions it is unnecessary to determine this question as

the judgment must be affirmed independently of that question, on other grounds which eliminate the question.

It is next urged by appellant that "persons not named in the petition or remonstrance cannot be counted even though they may be affected by the proceeding."

1. This cannot be granted. Take this case: Mrs. Merrill is the life tenant; three of her children, remaindermen, reside in Howard County; the ditch runs through their land; if an assessment is made against the land, the burden must be borne by her and by them. *Hay* v. *Mc Daniel* (1901), 26 Ind. App. 683, 60 N. E. 729. For the purpose of obtaining jurisdiction to assess the land, it is sufficient to describe the land as it appears to be owned by the last tax duplicate or record of transfers, but that is a matter wholly apart from the actual ownership of the land, and the fair construction of the statute is that not only those who are named in the petition but in addition those "who may be affected by any assessment or damages" (damaged). The object is to enable two-thirds of those who are really affected to express their desires and defeat a proceeding if they so elect. If this were not so, it would be an easy matter in case of numerous persons owning as tenants in common by inheritance, whose lands still stand on the tax duplicate in the name of the ancestor, to defeat their rights, arising from silence, by not naming them in the petition, when silence may be as effective as affirmative remonstrance. It is conceded that they may come in by remonstrance, and are then to be counted, but they may be affected by silence as well as by affirmative action, for they may be, and in this case were, named in the report, and brought in by notice. The fact that they may be affirmatively heard, is a concession that they are affected, because they could not otherwise be heard, and ·if they choose to sit silent, they may do so, let the result be what it may, but they none the less go to make up the landowners affected.

Under former laws, the power of general remonstrance

was restricted to two-thirds in number of those named in the petition, resident of the county or counties

2.   affected by the drain.   Under those acts, theoretically at least, all persons to be affected were made parties, and as the remonstrance preceded the report, those named were presumptively all the persons affected, and so it was held that the right to a general remonstrance did not exist after the statutory period for remonstrating against the petition, although additional persons are brought in.   *Yancey* v. *Thompson* (1891), 130 Ind. 585, 30 N. E. 630.   This statute, §6142 Burns 1908, Acts 1907 p. 508, greatly enlarges the power of remonstrance to "two-thirds in number of the landowners named as such in the petition *or who may be affected by any assessment or damages,* [damaged] resident in the county or counties where the lands affected are situate."   (Our italics.)   But it is appellants' contention that those not named in the petition but who may be affected must remonstrate, take affirmative action against the proceeding, otherwise they cannot be counted, that is, that while they may remonstrate, it is only by remonstrance that they can be considered, and that they cannot be considered by standing silent, however they may be affected: that is, by remaining passive, they are not to be considered as landowners affected by any assessment or any damages done them, however much they may be affected. This contention we deem too narrow. The statute is a remedial one, and should

3.   receive a construction which is fair and reasonable. By standing silent, those who are in favor of the improvement as effectually express their wishes in favor

2.   of it, as those who remonstrate express their wishes against it.   If they have not been named in the petition, whether inadvertently or purposely, they may be none the less affected, and paradoxical as the statement may seem, if they can have no voice by their silence before the report comes in, they can have none later, and would be thereby denied any voice in the matter.   Again, if under appellants'

contention only those affected, and not named in the petition can be heard or counted by coming in and remonstrating, they would exclude those favoring the improvement, who are in the same category and have the same rights and interests as themselves, and who by reason of favoring it, can only effectuate their wishes by silence. The act should not receive so unfair a construction. It is the general intention of the act to let in the voice of all who are affected, and some of the reasons for this construction are pointed out in, *Thorn* v. *Silver* (1910), 174 Ind. 504, 519, 520, 89 N. E. 943, 92 N. E. 161. This being true, the three Merrills, remaindermen, residing in Howard County, are to be counted, unless appellants' point is well taken, that to permit those not named in the petition, or in the remonstrance, to be counted, would change the issues in the circuit court.

4. It is too well established to require citation of authority that the cause is tried *de novo* in the circuit court, and that no issue can be tried there, which was not involved before the board. But there was but one issue before the board, and that was whether the remonstrance was filed by two-thirds of the landowners named in the petition or affected, and the issue was the same on appeal, and there the question was, Who should be reckoned? It

5. does not follow as counsel urge, that persons not served with notice are not to be counted because they cannot be affected. That is but stating a half truth, for it may just as certainly be known, and would certainly be, where the ditch runs through one's land, that he would be affected, at least as to the jurisdiction to enter upon his land, before the commissioners are appointed as later, but he may be named in the report as affected and notice given him afterwards, but he is affected by the proceeding the same as those first named, and stands in the same category with them as to rights and obligations, and that relation may be known as well within twenty days after docketing the petition as after the report is in, in addition to the fact,

that if his interest is not recognized until after the report is in, he is not in as good situation as others, or as he would be before, as to the assertion of his rights, either by affirmative action or by silence. *Yancey* v. *Thompson, supra.* If it is a right, or a condition he could then assert, it is a right which others affected may rely on. Those who do not remonstrate are as effective by silence as by remonstrance, where they are named in the petition. Why not those, also, who are affected, but silent? It is immaterial what that effect is; if they do not remonstrate, they are as much assenting, as a petitioner. *Thorn* v. *Silver, supra.*

In this case, conceding that notice to the life tenant in whose name the land was taxed, was sufficient to confer jurisdiction to assess the land, that notice was for that reason binding on the remaindermen as privies in estate and in law, and it would be a strange contradiction to say that while they might remonstrate and be counted, they should not be regarded as assenting by silence and not be counted, for that purpose. We are quite sure that such construction should not be given.

Whether therefore a husband owning real estate in his individual right, and owning other real estate as tenant by the entirety, both he and the other spouse are to be counted as one, or two persons, affected, or whether in cases of tenancies by the entireties, both spouses shall be counted as one, or two persons, from the fact of the three Merrills, remaindermen, being affected and residents of the county, and whether Boyd be regarded a resident or a nonresident, the remonstrance was insufficient. Counting husbands and wives as separate owners, named in the petition, and the three Merrills as affected but not named in the petition, there were twenty-six owners named, of these twenty-two were residents of the county, three were nonresidents, not counting Boyd either as a resident or nonresident. Only twelve residents thus counted remonstrated. If we count them with the spouses owning by entireties,

counting but one landowner each, except in case of a landowner who in addition owns individually, there were twenty-four owners named in the petition, including the three Merrills. Of these, twenty were residents of the county, three were nonresidents, not counting Boyd either way. Thus counting, only eleven persons remonstrated. If we count all instances of husband and wife as one landowner named in the petition, including the Merrills not named, but affected, we have twenty persons affected, of these nineteen were residents, three nonresidents, not counting Boyd either way. Thus counting there were eleven remonstrants. It thus appears that in no view of the case, was the necessary two-thirds remonstrance filed.

8. Error is urged in the admission of evidence regarding the residence of Boyd, it being in fact in Howard County, when notice had been given him as a resident of Cass County, upon the ground of estoppel.

9. He is making no complaint of the service, and unless the question of his residence affects appellants in some right, they cannot complain of the service as to him, and it was immaterial in this case, for the reason that if he were still treated as a resident of Cass County, the result would be the same. Error is also urged in the admission of evidence of the title in, and residence of the three Merrills, residents of Howard County. In view of our conclusions as to their being affected parties, and entitled to be counted in determining the remonstrance there was no error in this action. The court did not err in its conclusions of law, or in overruling the motion for a new trial, and the judgment is affirmed.

## ON PETITION FOR REHEARING.

MYERS, J.—An ingenious argument is presented by the learned counsel for appellants as to the construction to be given the phrase in the drainage law, respecting the general

VOL. 180—36

remonstrance, "two-thirds in number of landowners named as such in such petition *or* who may be affected by any assessment or damages" (damaged), and it is urged, that it means that a remonstrance is sufficient if signed by two-thirds either of those named in the petition, or of those who are affected by an assessment for the drain, and if this be not so, it is asked what meaning, or intent is to be ascribed to the words "named as such in such petition," and that by our original opinion we disregard these words, and legislate them out of the statute.

The argument is, that petitioners may name whom they please in the petition, and by notifying only those persons, place them alone on their guard, and, Should the silence of persons who do not legally know of the proceeding have the same weight as those who are notified, and actively approving, and the silent voice be as effective as the notified, active voice? The contention of appellants is, that a remonstrance by two-thirds of those named in the petition is sufficient, irrespective of the number of those to be affected by the assessment, or damaged. That by giving remonstrators the alternative, the best interests of all will be worked out. The theory in this last particular is, that petitioners will know that by naming, and notifying as many as possible, the larger remonstrance will be required, and more publicity given. On the other hand, if the petitioners name in their petition a large number of people who are in fact not interested, this evil would be met by requiring the remonstrance to contain merely two-thirds of those who may in fact be affected by assessment, or damaged. We have put these questions as appellants state them.

Appellants' argument in the last particular, proves

1. too much. Under that theory, persons through whose lands a ditch may run might not be made parties, might not be benefited, but might be damaged. Yet

2. they are necessary parties to authorize the construction of the drain through their lands, and on appel-

lants' theory are powerless, except to remonstrate after a report is made, or to make themselves parties by some affirmative act. It is to meet such possible cases, as well as others, that the provision is made for remonstrating by those who may be affected by any assessment, or damages (damaged). If the number on the petition only is to be the guide, what use for adding the disjunctive phrase, because under that theory parties perfectly well known, as likely to be affected, or in the language of the act, "who may be affected by any assessment or damages" (damaged) may be omitted from the petition, yet under appellants' contention whether they will be "affected by any assessment or damages" must be postponed until a report is in, or they must come in affirmatively as parties. But it had been held under the act of 1885, which provided for remonstrance by two-thirds of those named in the petition resident in the county or counties, that when parties not named in the petition were brought in after report of the commissioners, remonstrances could not be filed by the original, and the new parties, even though they constituted two-thirds of the persons affected. *Yancey* v. *Thompson* (1892), 130 Ind. 585, 30 N. E. 630. This case was followed on that point in *Zumbro* v. *Parnin* (1895), 141 Ind. 430, 40 N. E. 1085, and the doctrine was extended to hold that one may become a party within the ten days, on showing that his lands would be affected, and that he might join in a two-thirds remonstrance, and this case is cited in *Cambria Iron Co.* v. *Union Trust Co.* (1899), 154 Ind. 291, 296, 55 N. E. 745, 56 N. E. 665, to the point that it is the spirit of the code to let one not a party, and having an interest in the subject-matter of an action come in, for the protection of whatever right he may have. In *Keiser* v. *Mills* (1904), 162 Ind. 366, 69 N. E. 142, it was again held that parties brought in by the report for the first time, could not defeat a proceeding by a two-thirds remonstrance.

The statute conferring two-thirds remonstrance on per-

sons named as landowners in the petition continued until 1903 (Acts 1903 p. 504), when the right to a two-thirds remonstrance was omitted. It was restored in 1905 (Acts 1905 p. 456, §3), to apply to "two-thirds of the landowners affected as shown by such preliminary report." Under this act, as remonstrance came after the preliminary report, there was no need to name either those named in the petition, or those affected as rightful remonstrators, for the report fixed the status of all. When however in 1907, the subject was covered by a new act, the legislature presumably had before it, and in mind, the construction put upon former acts, and in order to give all a fair chance to be heard, provided in effect that all persons named in the petition, or likely to be affected by any assessment, or damaged, might come in affirmatively and remonstrate, and if they, so remonstrating constitute two-thirds of the landowners affected, under the showing they are able to make, the proceeding fails. In this way, every landowner resident of the county or counties counts one way or the other, and it must be apparent from the previous decisions, that that was what was intended, as in no other way can the wishes of a majority of those in interest be gathered, when as under this act, the remonstrance must precede the report. If landowners do not remonstrate within the twenty days, presumably they desire the drain, or at least are indifferent, but if two-thirds of the whole number actually affected, remonstrate, that is an affirmative assertion by a majority of those in interest that the proceeding should be discontinued. But there may be nothing in the petition to show who are in fact interested, hence the obligation of remonstrators to show who are affected, and to show that two-thirds of those interested are objecting, and the intent of the statute was to enable that to be done.

The history of the laws, and the possibility under former acts, prior to 1903, made well and publicly known the fact of the institution of proceedings for drains through the then

existing statutes, by which a few persons could override the wishes of the majority, and the present legislation ensued, as a protest against the practice. It is said that the purpose of the provision in the act of 1907 was to prevent petitioners from destroying the right of remonstrance by naming in the petition a large number of unnecessary persons. With just as much force can it be said that the purpose was to enable them to name as few as possible, and they friendly, and thus defeat remonstrance. The answer to it all is, that to correct the evils which had grown up, it was enacted to enable the courts to determine who were in fact interested and affected, and to act on that ascertainment. That it may be difficult of ascertainment is no answer to the provision; so may it be difficult on trial of a remonstrance for cause, to find when parties are or are not affected, but that does not lessen the right, for it may frequently happen that the controversy arises from that very uncertainty. We are quite content as to the correctness of our original conclusions on these points.

It is urged that we were in error in the declaration that notice to a life tenant in whose name the property appears on the tax duplicate or record of transfer, is, under 6. the drainage law, binding on remaindermen as privies in estate, and in law. The point should perhaps be somewhat more elaborated. The statute provides that notice to the party in whose name the property appears on the tax duplicate or transfer record, shall be sufficient to give jurisdiction to assess the land. It has been held that the life tenant and remaindermen must contribute to any such assessment made on their land, in proportion to their interests, or equitably. *Hay* v. *McDaniel* (1901), 26 Ind. App. 683, 60 N. E. 729. The remaindermen are necessarily privies, that is, have mutual and successive relationship to the property itself, and they are privies in estate to the life tenant, because they succeed to the rights of the life tenant, that is, come into the same rights the life tenant now

possesses, the enjoyment of which is postponed as to them, and both the life tenant and the remaindermen have an interest, and come in by virtue of an estate created by another, and are so connected with each other in the unity of estate, that they are all alike affected by the assessment, and proceedings, as by a mutual obligation, as related to the estate itself, and the remaindermen are estopped by that which estops the life tenant. *Stacy* v. *Thrasher* (1848), 6 How. 59, 12 L. Ed. 337; *Coan* v. *Osgood* (1853), 15 Barb. 583. On the other hand, the law imposes the burden on the land from the fact of notice to the person in whose name the property appears on the tax duplicate or record of transfers, irrespective of the actual ownership, or whether the person so appearing has any interest at all, but the law operating on the subject-matter establishes the privity as one of law, fixes the obligation, and implies and creates the duty of payment by those in actual interest. *Brewer* v. *Dyer* (1851), 61 Mass. (7 Cush.) 337; *Carnegie* v. *Morrison* (1841), 43 Mass. (2 Met.) 381.

The petition for a rehearing is denied.

NOTE.—Reported in 102 N. E. 136; 103 N. E. 440. See, also, under (1) 14 Cyc. 1036; (3) 36 Cyc. 1173; (4) 14 Cyc. 1047; (6) 14 Cyc. 1033-1035. As to the procedure for the establishment of drains and sewers, see 60 L. R. A. 161.