## GINN v. HINTON ET AL.

[No. 21,554.    Filed June 2, 1910.]

1. DRAINS.— *Special.— Procedure.— Statutes. — Remonstrances.— Time of Filing.—Exceptions.*—Section 6151 Burns 1908, Acts 1907 p. 508, §17, providing for the construction of drains less than two miles long and lying wholly within one county, provides a special procedure for the establishment and construction thereof, and the general provisions of §6142 Burns 1908, Acts 1907 p. 508, §4, relating to notice, remonstrances, and time of filing reports, have no application.    pp. 297, 299.

2. DRAINS.—*Notice.—Remonstrances.—Time for filing.*—Under the provisions of the general drainage statute (§6142 Burns 1908, Acts 1907 p. 508, §3) all parties named in the petition for the establishment of the drain are entitled to twenty days' notice of the docketing of the petition, and are given ten days after the docketing of the petition in which to file a remonstrance; and all parties, not named in the petition, who are brought into the proceeding by the report of the drainage commissioners, must file their remonstrance within ten days after the service of notice of the hearing of the report.    p. 298.

3. DRAINS.—*Special.—Remonstrances.—Time for Filing.*—Under §6151 Burns 1908, Acts 1907 p. 508, §17, providing for the establishment and construction of drains less than two miles long, situate in one county, remonstrances may be filed at any time prior to, and including, the day set for the hearing.    p. 301.

From Delaware Circuit Court; *J. G. Leffler*, Judge.

Drainage proceeding by Grant C. Hinton and others, against which Liberty Ginn remonstrates. From a judgment for petitioners, remonstrant appeals.    *Reversed.*

*Orr & Orr*, for appellant.

*J. W. Gray* and *Omar G. Weir*, for appellees.

HADLEY, J.—This is a proceeding under section seventeen of an act of 1907 (Acts 1907 p. 508, §6151 Burns 1908), by appellees for the construction of a ditch, less than two miles

in length, wholly within Delaware county, and alleged to cost not to exceed $300, exclusive of tile. The county surveyor, to whom the auditor had referred the petition, filed his favorable report in the auditor's office on April 19, 1909, in form and substance as required by law, in which it was shown that an assessment of benefits of $196 had been made against the lands of appellant. On April 20, 1909, the petitioners served upon appellant a formal notice that said report had been filed and would be heard by the board of commissioners on May 1, 1909. On May 5, 1909, appellant appeared, pursuant to said notice, and filed a remonstrance on statutory grounds defined in section four of said act of 1907 (§6143 Burns 1908).

Appellees filed their motion to strike out this remonstrance, for the following reasons: (1) Because it was not filed within ten days after the filing of the surveyor's report, exclusive of Sundays and the day of filing. (2) Because it was not filed within ten days after notice was served on said remonstrator, exclusive of Sundays and the day of service of said notice.

The board sustained appellees' motion to strike out the remonstrance, and appellant appealed to the circuit court, where the same motion was refiled and again sustained, and cause dismissed and remanded back to the commissioners, with instructions to proceed with the construction of the drain as provided by law.

Did the court err in dismissing appellant's remonstrance? We think it did. Appellees' motion to strike out appellant's remonstrance and the arguments relating thereto center in the provisions of section three of said act of 1907 (§6142 Burns 1908), which relate generally to the construction of drains. But under the view we have taken of the question, the general provisions of said §6142, relating to notice, time of filing and hearing of report, and remonstrances, have no application to a special proceeding begun and prosecuted under §6151, *supra.*

It is clear enough that the legislature intended by §6151, *supra,* to provide a cheaper, simpler and speedier proceeding for the construction of less important drains. Its provisions apply only to drains, located wholly within the county, less than two miles in length, including all arms, and which will cost not exceeding $300, exclusive of the tile. It is enacted in said §6151 that when it is desirable to construct such a drain as has just been described, the petitioners, instead of applying to the circuit court or superior court, as provided in a former section of the act, may apply therefor by petition to the board of commissioners of such county at any regular monthly session of said board, and all provisions hereinbefore made as to such petition, notice of hearing, reference to the drainage commissioners, remonstrances and exceptions thereto, action on report, and all other matters relating to such work, shall be had and concluded as far as applicable by and under the direction of such board of county commissioners, as hereinbefore in this act provided should be by the circuit or superior court, except as provided for in this section—that is to say, the procedure in the construction of the smaller class of drains shall be the same as that provided for the general class, except as otherwise provided in said special proceeding.

The requirements in the special proceeding under §6151, *supra,* applying to the petition, reference and the filing, notice and hearing of the report and remonstrances, are distinctly and radically different from the requirements of §6142, *supra,* and must be complied with, without reference to the procedure prescribed in other sections of the act.

In the latter or general statute it is provided that twenty days' notice of the filing of the petition and the day for docketing it must be given to those named in the petition

2. as affected by the proposed drain, and any person named in the petition as the owner of land shall have ten days, exclusive of Sunday and the day for docketing, after such docketing, to file with the court any remonstrance

or objection, and after said ten days have elapsed the court shall consider the remonstrance; that is, upon the expiration of ten days after the docketing, the door of the court is closed against a remonstrance by any one named in the petition, and if no remonstrance has been filed, the court must refer the petition to the drainage commissioners, who must in season report to the court upon the feasibility of the work, and also set forth any lands they find will be affected by the improvements which are not mentioned in the petition.

With respect to the report of the drainage commissioners, it is provided in §6142, *supra,* that in all cases where lands named in the report are not named in the petition, "the court shall fix the time for hearing the report, and it shall be the duty of the petitioners * * * to give ten days' notice to the owners of such lands of the filing of such report in the same manner as is herein required to be given of the filing and docketing of the petition, which notice shall state the time for hearing such report. * * * The same proceedings shall be had in regard to such report as if all the lands mentioned therein, and the owners thereof, had been named in the original notice of the filing of the petition."

Under the latter provision it has been held by this court that a landowner brought into the proceeding by the report of the drainage commissioners must exercise his right to remonstrate within ten days after the service of notice of the hearing of the report. *Goodrich* v. *Stangland* (1900), 155 Ind. 279; *Keiser* v. *Mills* (1904), 162 Ind. 366.

1. As before said, the procedure provided by section seventeen of the act of 1907 (§6151, *supra*), is distinctly different, and manifestly intended to supplant that contained in the former sections of said act.

It will be observed: (1) That in the construction of a drain under §6151, *supra,* the proceeding must be begun by filing the petition before the board of commissioners, instead

of in the circuit or superior court; (2) no notice to affected landowners of the filing and docketing of the petition is required; (3) upon the filing of such petition the county auditor must forthwith refer it to the county surveyor, instead of the drainage commissioners, who must investigate and file his report therein with the auditor within thirty days; (4) upon the filing of such report the auditor shall give notice to each landowner of the filing and the definite day when it will be heard by the board of commissioners, namely, at the next ditch day—that is, the next day set apart under the rules of the commissioners for the hearing of ditch cases—that does not occur before the expiration of fifteen days after the surveyor's report is filed with the auditor; (5) it is also a matter of much significance that, under this section, a remonstrator may present his remonstrance on the day set for the hearing of the surveyor's report, without reference to when it was filed, while in a general proceeding the objector must file his objection, or remonstrance, within ten days, exclusive of Sunday and the day of filing, after notice of the hearing has been served upon him.

The improvements authorized in this section—with all arms not exceeding two miles in length and costing not to exceed $300—amount to nothing more than neighborhood drains, which may be and should be constructed speedily, economically and without calling into operation the more comprehensive, tedious and expensive proceedings necessary in larger enterprises. Its provisions accomplish the evident purpose of the lawmakers to carry these small and inexpensive improvements outside the general class into a class of their own. We recall some of the differences: Notice of filing and docketing the petition is dispensed with, and time and money saved. The expense of three drainage commissioners is saved, by conferring upon the county surveyor full power to view, consider, locate and assess all benefits and damages, which duty he must perform within thirty

days after reference. The other parties assessed are saved the costs of giving notice to affected landowners, by a provision that the costs of serving such notices shall be taxed to the petitioner if he fails to serve them himself.

While it is expressly provided in this section that every landowner shall have the right to file any objection thereto that might or could be filed in such proceeding under other sections of the act, yet, unlike the requirement of §6142, *supra,* with respect to drains generally— to wit, that all remonstrances must be filed with the clerk of the court within ten days after the docketing—in the class of drains provided for in §6151, *supra,* the time for filing remonstrances is not limited upon the service of notice, of docketing, or of filing the report, but upon the day set for the hearing. Section 6151, *supra,* reads as follows: "Upon the day set for the hearing, if the board of commissioners find that all persons named in said report have been notified thereof more than ten days prior to such day, they shall proceed to hear the same, and in so doing shall have power to hear and determine said matter the same as is granted in such proceedings in the circuit court * * * and every landowner shall have the right, and it shall be his duty, to file such objection thereto as might or could be done in such proceedings in the other sections of this act. * * * If it shall appear to the board that notice has not been given to all persons affected as hereunto provided, the hearing of such matter shall be continued till they have received such notice when such matter shall be heard." There are no similar provisions in the other sections of the act.

There is not a syllable anywhere in the law relating to drains of this class that requires an objector to file his remonstrance before the day set for the hearing. Besides, as a further evidence of dispatch and class distinction, of the fifteen days allotted for notice of the hearing of the surveyor's report by the commissioners, three days are given the petitioner in which to serve the notices himself, and if

he fails to call for and serve them within that time, it then becomes the duty of the sheriff to serve them immediately, at the cost of the petitioner, which duty, if performed within two days, will accomplish the service on all parties ten days before the hearing and within the fifteen day period.

On the day of the hearing, if it is found that all persons named in the surveyor's report have had more than ten days' notice thereof, the board shall proceed to hear the report—that is, take up the report for consideration as to its form and sufficiency, and all statutory objections, if any have been filed thereto; but if it appears at the hearing that a landowner named in the report has not then had more than ten days' notice, the cause shall be continued until he has had such notice, when the hearing shall proceed. It is thus shown that the landowner is entitled to full ten days, after notice of the hearing, to determine upon and prepare to present his remonstrance or other objection. The commissioners have no power or jurisdiction to cut off his defense until he had been afforded such opportunity.

Appellees' contention, that a remonstrance to be available under §6151, *supra,* must be filed within ten days after the filing of the surveyor's report, appears to us to be without foundation. It is otherwise provided in §6151, *supra,* and may undoubtedly be filed on the day set for the hearing. We, therefore, hold that the remonstrance filed by appellant on the day set for hearing the surveyor's report by the board of commissioners was timely filed, and appellees' motion to strike it out was erroneously sustained.

The judgment is therefore reversed and cause remanded, with instructions to vacate the judgment of dismissal of appellant's appeal from the board of commissioners of Delaware county, to overrule appellees' motion to strike out appellant's remonstrance, and for further proceedings in harmony with this opinion.