## PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* HODGE ET AL.

[No. 21,681. Filed March 15, 1911. Rehearing denied May 31, 1911.]

1. DRAINS. — *Remonstrances.* — *Time for Filing.* — Under §6142 Burns 1908, Acts 1907 p. 508, §3, providing that "any person named in such [drainage] petition shall have ten days * * * to file with said court any * * * remonstrance," and that any person omitted from the petition but whose lands are reported in the drainage commissioners' report as affected shall be entitled to the same rights as those named in the petition, a landowner brought into the proceeding for the first time by a report of the drainage commissioners must file his remonstrance within ten days, exclusive of Sundays and the day of service, after service of the notice. p. 671.

2. PROCESS.—*How Questioned.*—*Motion to Quash.*—*Abatement.*— *Railroads.*—*Drains.*—A railroad company whose "agent" was served with notice of a drainage proceeding, and which company, either in obedience to the notice, or voluntarily, filed a general remonstrance to the proposed drain, cannot afterwards question the validity of the service of process upon it, such question being raised only by a motion to quash, or a plea in abatement, the return of service of process being conclusive upon defendant until set aside. p. 671.

3. CONSTITUTIONAL LAW.—*Due Process.—Equality.—Drains.*—Section 6142 Burns 1908, Acts 1907 p. 508, §3, giving landowners

ten days after service of notice, in drainage proceedings, within which to file remonstrances, does not violate the 14th amendment to the federal Constitution guaranteeing due process of law and equal rights. p. 672.

From Grant Circuit Court; *H. J. Paulus,* Judge.

Drainage proceedings by William D. Hodge and others, against which the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company remonstrates. From a judgment for petitioners, remonstrant appeals. *Affirmed.*

*George E. Ross,* for appellant.
*St. John, Charles & Gemmill,* for appellees.

MORRIS, J.—This was a proceeding to establish a drain under §6140 *et seq.* Burns 1908, Acts 1907 p. 508. Appellees' petition was referred to the drainage commissioners, who, on October 28, 1909, filed a report favorable to the construction of the proposed drain, and in which lands owned by appellant, not named in the petition, were reported as affected, but were not assessed as benefited. Thereupon the court ordered notice to be given to appellant, returnable November 15. The affidavit, proving service of notice, recites that the notice was served, on November 1, 1909, on "the agent of the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company." On November 15, appellant entered a general appearance, and filed a remonstrance, in which, among other things, it was alleged that appellant's land would be damaged by the construction of the proposed work, in the sum of $10,000. On April 13, 1910, appellees filed their motion to dismiss appellant's remonstrance, because it was not filed within ten days, exclusive of Sundays, from the time of service of the notice to it on November 1, 1909. This motion was sustained, and the remonstrance was dismissed. Appellant excepted. The court thereupon rendered judgment confirming the report of the commissioners and establishing the drain, and from this judgment appellant appeals. The alleged errors relied on are the sus-

taining of the motion to dismiss the remonstrance, dismissing the remonstrance, confirming the report of the commissioners, and establishing the drain.

Under §6142, *supra*, and similar statutes, it has been held by this court that a landowner brought into the proceeding, for the first time, by the report of the drainage commissioners, must exercise his right to remonstrate within ten days after service of notice of the hearing of the report. *Goodrich* v. *Stangland* (1900), 155 Ind. 279; *Keiser* v. *Mills* (1904), 162 Ind. 366; *Ginn* v. *Hinton* (1910), 174 Ind. 296.

Appellant contends that service of notice on "the agent of the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company," is not service upon it; that the statute (§6142, *supra*) requires notice to be served on the station agent of appellant, in the county where the proceedings were instituted. Appellees meet this contention with the proposition that appellant cannot, after entering a general appearance and filing a plea on the merits of the cause, question the validity of the service of process, and we think appellees are correct. The validity of the issuance, service, and return of service of process, may be tested by motion to quash, or by plea in abatement; but this must precede a general appearance to the action, and otherwise the party must be held to have waived all right to question defects in the process. *Sunier* v. *Miller* (1886), 105 Ind. 393; *Pittsburgh, etc., R. Co.* v. *Machler* (1902), 158 Ind. 159; *Kirkpatrick, etc., Co.* v. *Central Electric Co.* (1903), 159 Ind. 639; *Ford* v. *Ford* (1886), 110 Ind. 89; *Carr* v. *Boone* (1886), 108 Ind. 241; *Lane Bros. & Co.* v. *Bauserman* (1904), 103 Va. 146, 48 S. E. 857, 106 Am. St. 872; 18 Ency. Pl. and Pr. 926.

But, appellant contends, the record does not disclose that it appeared in answer to the notice served on "the agent" on November 1, 1909, and that if its appearance was voluntary, it did not thereby waive its right to question the re-

turn of service of process. Where a general appearance is made, even if voluntary, and a plea filed on the merits, the defendants must be held charged with notice of whatever is disclosed by the return of service of process, and to have waived the right to object to any defect therein.

We are of the opinion that the court committed no error in sustaining the motion to dismiss appellant's remonstrance. The court did not err in confirming the report of the commissioners, and adjudging the establishment of the drain.

Appellant finally contends that the law under which this proceeding was prosecuted to final judgment is in violation of the 14th amendment to the Constitution of the 3. United States, because it denies due process of, and the equal protection of, the law. The act in question is not open to this criticism. *Pittsburgh, etc., R. Co.* v. *Machler, supra.*

There is no error in the record. Judgment affirmed.