## KRAMER ET AL. *v.* FISHBACK ET AL.

[No. 22,020. Filed October 7, 1913.]

1. DRAINS.—*Proceedings to Establish.—Remonstrances.—Notice.*— Where parties affected by a drainage proceeding joined in filing a remonstrance, such action constituted an appearance and waived the objection that the notice was defective. p. 179.

2. DRAINS.—*Proceedings to Establish.—Harmless Error.—Ruling on Motion to Dismiss Report of Commissioners.*—The action of the trial court in overruling a motion by remonstrance to dismiss the report of the drainage commissioners, because of their failure to file such report at the time fixed by the court, is not cause for reversal, where it does not affirmatively appear that the failure to file the report was caused by the petitioners or was harmful to remonstrants. p. 180.

3. APPEAL.—*Review.—Filing Report in Drainage Proceedings.— Record.—Conclusiveness.*—A record on appeal which discloses an

entry reciting that on a specified day the commissioners in a drainage proceeding filed their report therein, and which shows that the trial court, on the objection that the same had not been filed, heard the evidence, and concluded that the same was properly filed on the date mentioned, is conclusive as against the contention that such report was not properly filed. p. 180.

4. APPEAL—*Ruling on Motion for New Trial.—Waiver of Error.— Briefs.*—No question is presented on the overruling of a motion for new trial, where neither the motion nor its substance is set out in appellant's brief. p. 181.

From Spencer Circuit Court; *W. D. Robinson,* Special Judge.

Petition by Florentine Fishback and others to establish a drain, against which Karl W. Kramer and others remonstrated. From a judgment for petitioners, the remonstrants appeal. *Affirmed.*

*F. A. Heuring,* for appellants.

*Arch Stevenson,* for appellees.

SPENCER, C. J.—This is an appeal from the judgment of the Spencer Circuit Court, rendered on May 3, 1911, establishing a certain drain in Luce and Ohio townships in Spencer County, under §6140 *et seq.* Burns 1908, Acts 1907 p. 508.

The petition was filed on May 8, 1907, service had and notice given. On September 2, 1907, the petition was regularly docketed as an action pending. On September 18, 1907, all of the appellants appeared to said action and filed a remonstrance against the construction of such drain. On January 24, 1910, appellants filed a motion to dismiss the action because of alleged defective notice. This motion was overruled and appellants now charge error in such ruling.

Having all appeared on September 18, 1907, and filed their remonstrance, appellants were in no position on January 24, 1910, to insist that the notice was defective. Notice may be waived and is always waived where there is an appearance. Appellants had joined in a remonstrance against the establishment of the drain and

the levying of the assessment. This was an appearance. *Pittsburgh, etc., R. Co.* v. *Hodge* (1911), 175 Ind. 669, 671, 94 N. E. 324, and cases cited. *Sunier* v. *Miller* (1886), 105 Ind. 393, 4 N. E. 867.

2. It is next contended by appellants that the trial court erred in overruling their motion to dismiss "the report of said drainage commissioners filed on the 13th day of May, 1910, and the petition herein filed and the proceeding in this cause," for the reason that the drainage commissioners did not file their report on April 4, 1910, the date fixed by the court for the filing thereof. This motion was overruled and the report of the commissioners was, by the court, referred back to them and they were directed to refile their report on September 26, 1910, which was done. We can see no error therein which was harmful to appellants. The failure of the commissioners to perform their duties should not work to the prejudice of the petitioners. *Bohr* v. *Neuenschwander* (1889), 120 Ind. 449, 454, 22 N. E. 416. And especially should this be the rule where there is no affirmative showing that such failure on the part of the commissioners was caused by appellees or was harmful to appellants.

3. Appellants further contend that reversible error was committed in overruling the motion of the remonstrators to "dismiss the report of the commissioners and the proceedings" for the reason that the "report was not made to the court on September 26th, 1910, as ordered by the court." The record as to this matter is as follows: "Come now the drainage commissioners in the above entitled cause, on this 26th day of September, 1910, and file their report herein, as heretofore ordered by the court, which report is favorable and recommends the construction of said drain." It was insisted by appellants that the report of the commissioners was not filed with the clerk nor presented to the court. Evidence of witnesses was heard on this question and the court concluded that the

report was properly filed on the date mentioned. In the face of this record we can not uphold appellants' contention.

Error is also assigned in the overruling of appel
4.  lants' motion for a new trial but no question is here presented by such assignment, for the reason that neither the motion for a new trial nor the substance thereof is anywhere set out in appellants' brief.

Judgment affirmed.

NOTE.—Reported in 102 N. E. 831. See, also, under (1) 14 Cyc. 1035; (2) 14 Cyc. 1045; (3) 3 Cyc. 152; (4) 2 Cyc. 1014.