## KURTZ v. COOPERIDER.

[No. 10,403. Filed June 2, 1920.]

1. REPLEVIN.—*Demand.—Tender.—Sales.*—One who when presenting herself to receive the goods has been compelled by threats and the display of a revolver to execute a written rescission of the bill of sale and accept the return of the price paid, may immediately begin an action in replevin to obtain the goods without any further demand therefor, and her payment of the money to the justice of the peace at the commencement of the action is sufficient, she not being required to again put her life in jeopardy. p. 395.

2. EVIDENCE. — *Destroyed Instrument. — Contents. — When Destroyer Incompetent.*—A seller who forcibly took and destroyed the bill of sale, could not be heard to testify as to its contents without first introducing evidence to explain its destruction and to repel all inferences of fraudulent design arising from such destruction. p. 395.

3. APPEAL.—*Presumptions.—Justices of the Peace.—Transmission of Tender.*—Money deposited in the hands of a justice of the peace as a tender will be presumed to have been transmitted with the papers on appeal to the superior court, where the record does not show to the contrary. p. 396.

4. TENDER.—*Money Paid Justice of the Peace.—Failure to Transmit on Appeal.—Rights of Litigant Unaffected.*—The failure of a justice of the peace to transmit money, deposited by plaintiff for defendant, with the papers, on appeal to the superior court, does not prejudice the rights of the plaintiff. p. 396.

5. ESTOPPEL.—*Ownership of Goods Sold.—Replevin.*—In an action for replevin of goods purchased, the seller, a married woman, who was in possession and held herself out as owner and gave a bill of sale, is estopped to offer evidence that the goods were the common property of herself and husband. p. 396.

From Marion Superior Court (106,960) ; *Linn D. Hay*, Judge.

Action by Edna F. Cooperider against Leona A. Kurtz. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*J. Fred Masters,* for appellant.

*J. W. Fesler, Harvey J. Elam* and *Howard S. Young,* for appellee.

NICHOLS, J.—Action in replevin originating before a justice of the peace of Marion county, and finally tried on appeal in the superior court of such county. There was a judgment in favor of appellee. A motion by appellant for a new trial was overruled, which action of the court is the only error assigned.

It appears by the evidence that appellee went to the home of appellant on February 8, 1917, and purchased from her all of the goods in her house, including furniture, dishes and bed clothes, except her personal clothing and a few dishes and some pictures, all for the agreed price of $75. Appellant and appellee were at the time alone in appellant's home. Appellee prepared a bill of sale, which was also a receipt for the money paid, and appellant signed it. They then went to the bank, where the purchase price was paid to appellant, and, after appellee had furnished to appellant a statement of the goods excepted from the sale and had arranged to return the next morning for the goods, they parted. On the following day appellee returned to appellant's home prepared to take charge of the goods so purchased, whereupon appellant requested that she be permitted again to see the bill of sale which was executed upon the day previous. Upon appellee exhibiting the same, appellant snatched the paper from appellee's hands and ran and put it into the stove. She then stated that she had decided not to sell and that she had a paper for appellee to sign. When appellee told her that she would not sign the paper, appellant drew a re-

volver and said to her that if she did not sign it she would never leave the house. With the revolver pointed at her, appellee signed the paper, which was a receipt for the $75 theretofore paid, writing after her name, by the order and direction of the appellant, the words, "No trouble." Appellant then ordered appellee to go with her to the next-door neighbor, where appellant would have a witness to the paying of the money to appellee, and while in such neighbor's house appellant paid to appellee the $75. Appellant denied that she drew any weapon, or that she threatened appellee with any violence, but the neighbor to whose house the parties went when the money was paid testified that she saw a revolver in appellant's pocket. This evidence is corroborative of appellee's statement. There was certainly some evidence to sustain the court's finding.

Appellant contends that, notwithstanding appellee rescinded under duress, she cannot maintain her action against appellant without making a demand for the property and without returning the money which had been paid to her by appellant, or offering to return it.

It appears by the record that the money was paid to the justice of the peace at the time the action was commenced. This was sufficient, appellant having 1. threatened the life of appellee and compelled her to sign the rescission at the point of a revolver. In view of this rash conduct on the part of appellant, appellee was not again required to put her life in jeopardy. No further demand was necessary. Appellee commenced her action immediately and there was therefore no ratification of the rescission.

Appellant contends that the court erred in refusing to permit her to testify concerning the contents of the destroyed bill of sale, but, having wilfully and 2. wrongfully destroyed it, she could not thereafter be heard to testify as to its contents, without first

introducing evidence to explain its destruction, and to repel all inferences of fraudulent design arising from such destruction. *Baldwin* v. *Threlkeld* (1893), 8 Ind. App. 312, 321, 34 N. E. 851, 35 N. E. 841; *Anderson Bridge Co.* v. *Applegate* (1859), 13 Ind. 339; *Rudolph* v. *Lane* (1877), 57 Ind. 115; *Gibbs* v. *Potter* (1906), 166 Ind. 471, 77 N. E. 942, 9 Ann. Cas. 481.

Appellant next contends that the tender of $75 was not kept good for the reason that it was never paid to the clerk of the superior court where the case was tried *de novo*. In the first place we find no place in the record where it affirmatively appears that the money in the hands of the justice of the peace was not transmitted with the papers to the clerk of the superior court. This was the duty of the justice of the peace, and the law presumes, in the absence of evidence to the contrary, that he did his duty. Even if the justice of the peace failed in performing his duty, it cannot prejudice the rights of the litigant. *Bohr* v. *Neuenschwander* (1889), 120 Ind. 449, 22 N. E. 416; *Kramer* v. *Fishback* (1913), 180 Ind. 178, 102 N. E. 831; *In re Ale* (1917), 66 Ind. App. 144, 117 N. E. 938.

Appellant complains that she was not permitted to offer evidence to the effect that the property involved was the common property of herself and husband, but, at the time of the sale, she was in possession, she held herself out as the owner, she sold the property and gave a bill of sale for it. At the trial for the first time she offered this evidence of ownership, or part ownership in some other person. She cannot be heard so to speak. To permit her to do so would be to permit her to take advantage of her own wrong.

From all the facts, it is manifest that a right result was reached, and the judgment is affirmed.