## BENBOW *v.* GRAY ET AL.

[No. 23,436. Filed October 29, 1920. Rehearing denied May 31, 1923.]

1. DRAINS.—*In One County.—Procedure.—Statute.*—In a drainage proceeding commenced before the board of county commissioners, excepting when the proposed drain is less than two miles in length and the cost thereof will not exceed $200, the procedure is controlled by §§6142 and 6143 Burns 1914, as amended. p. 274.

2. DRAINS.—*Appeal.—From County Commissioners.—Effect.*— An appeal from the board of county commissioners in a drainage proceeding, as authorized by §6151 Burns 1914, transfers to the circuit or superior court all matters then connected with the proceeding for hearing and determination as though it had originated in that court; that is, the issues before the board are, by the appeal, transferred to the circuit or superior court for trial *de novo,* but no other issues are to be tried. p. 275.

3. DRAINS.—*Procedure.—Notice to Landowners.—Parties who Appeared.*—Landowners who appeared to a drainage proceeding cannot complain that they were not given notice. p. 276.

4. DRAINS.—*Procedure.—Notice to Landowners.—Statute.*—Resident landowners who are not named in the petition as being affected by the proposed drain are not entitled to notice of the filing of a drainage petition, the provisions of §6142 Burns 1914 relative to giving notice by posting and publication have reference to the manner of giving notice to nonresidents of the county. p. 276.

5. DRAINS.—*Procedure.—Notice of Drainage Commissioner's Report.—Statute.*—Section 6142 Burns 1914 provides that on the filing of the drainage commissioners' report, notice must be given to all landowners who are brought in by it, but notice of such filing is not required to be given to any others. p. 276.

6. DRAINS. — *Procedure. — Two-thirds Remonstrance. — Time of Filing.*—Since the statute does not require notice of the filing of the petition to resident landowners who are not named in the petition nor their lands described therein, the fact that resident landowners were not notified of the filing of the petition, and had no actual notice thereof, would not extend the time for filing a two-thirds remonstrance. p. 277.

7. DRAINS.—*Procedure.—Docketing Petition.*—Where all the landowners named in a drainage petition are residents of the county in which it is filed, and have had twenty days' notice of the filing of the petition, and of the day noted thereon for the docketing thereof, it is the duty of the board or court in

which it was filed to order the petition placed on the docket
as a pending action.  p. 277.

8.  DRAINS. — *Procedure. — Objections to Petition. — Statute. —*
After a drainage petition is docketed, the statute (§6142 Burns
1914) gives any person named in the petition ten days to make
certain objections which, if sustained, might require the dis-
missal of the petition.  p. 277.

9.  DRAINS.—*Procedure.—Two-thirds Remonstrance.—Parties to.
—Statute.*—Landowners who will be affected by any assess-
ment or damages may join in two-thirds remonstrance, although
they are not named in the petition.  p. 278.

10. DRAINS.—*Procedure.—Two-thirds Remonstrance.—Time of
Filing.*—A two-thirds remonstrance filed after the report of
the drainage commissioners is not in time.  p. 278.

11. DRAINS.—*Procedure.—Remonstrance.—Time for Filing.—
Extension not Permitted.*—The time for filing a remonstrance
is a matter entirely within the discretion of the legislature and
the courts have no power to extend it.  p. 278.

12. DRAINS.—*Procedure.—Remonstrance.—Not Filed in Time.—
Not Cured by Amendment.*—When a remonstrance is not filed
in time, the defect cannot be cured by amendment or any action
of the parties or the court, and it is error to overrule a motion
to strike out such remonstrance.  p. 278.

13. DRAINS.— *Procedure.— Remonstrance.— Fraud of Drainage
Commissioners.—Time for Filing.*—Although fraudulent action
of the drainage commissioners in assessing benefits and dam-
ages is not a statutory cause for remonstrance, that fact
would not authorize the raising of such a question after the
expiration of the time for filing a remonstrance, as fixed in
the drainage statute.  p. 278.

14. DRAINS.—*Procedure.—Civil  Code.—Application.*—Drainage
proceedings are not civil actions, in the sense that the rules of
practice prescribed in the Civil Code are available in such
proceedings, unless made so by the statute authorizing the
same, and there is no provision of the statute to that effect.
p. 278.

15. DRAINS.—*Procedure.—Appeal.—Effect.*—An appeal from the
board of commissioners in a drainage proceeding carries the
case to the circuit court for review of the issues before the
board of commissioners only, and not to let in new grounds of
complaint or objection not previously raised, and fraudulent
acts of the petitioner and drainage commissioners are no excep-
tion to the rule.  p. 278.

16. DRAINS.—*Procedure.—Remonstrance.—Grounds  for.—Stat-
ute.*—If lands assessed for benefits will not be benefited, or the
report of the drainage commissioners includes a system of

drainage not contemplated by the petition, or the report brings into the proceeding, under the guise of tributaries, drains which are not properly arms or tributaries of the main ditch described in the petition, the remedy is by remonstrance as provided in §6143 Burns 1914, and such questions cannot be raised on appeal from the board of commissioners.  p. 279.

17.  APPEAL.—*Drainage Proceeding.*—*Assignment of Errors.*—In a drainage proceeding commenced before the county commissioners, and taken on appeal to the circuit court, where the trial court overruled motions to strike out paragraphs of a remonstrance and dismissed the petition, the rulings on the motions were properly assigned as error.  p. 281.

18.  DRAINS.—*Appeal.*—*Assignment of Errors.*—In a drainage proceeding commenced before the county commissioners, and taken on appeal to the circuit court, where the trial court overruled motions to strike out paragraphs of a remonstrance and dismissed the petition, the rulings on the motion were properly assigned as error.  p. 281.

19.  DRAINS.— *Procedure.*— *Two-thirds Remonstrance.*— *Amendment of Statute.*—Acts 1917 p. 292, §6143 Burns' Supp. 1921, amending §6143 Burns 1914, so as to give the right to file a two-thirds remonstrance after the filing of the report of the drainage commissioners, expressly provides that it did not affect any pending proceeding, and, therefore, was not applicable to a proceeding in which the petition was filed January 16, 1917, although the drainage commissioners were not appointed until March 7, 1917, as the act went into effect March 7, 1917. p. 281.

From Delaware Circuit Court; *W. A. Thompson,* Judge.

Petition before the county commissioners by Mark Benbow for the construction of a drain, to which Wilbert L. Gray and others filed remonstrances. From order establishing the ditch, the remonstrators appealed to the circuit court, which overruled motions to strike out the remonstrances and dismissed the petition, from which rulings the petitioner appeals. *Reversed.*

*Omar G. Weir,* for appellant.
*Walter Gray* and *Francis A. Shaw,* for appellee.

MYERS, C. J.—On January 16, 1917, appellant filed in the auditor's office of Delaware county, Indiana, his pe-

tition for the establishment of a tile ditch in length about 108 rods. By endorsement on the petition, February 7, 1917 was the date fixed for docketing the same. The proposed drain had its source in the north half of the west half of the southwest quarter of section 11, township 22, range 9, and its outlet in the theretofore constructed Gray Ditch in the northwest quarter of the northwest quarter of section 14, township 22, range 9. The land described in the petition as affected by the proposed ditch was about forty acres belonging to petitioner and about nineteen acres belonging to Martini and Charles, and the right of way of the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company. This land and right of way is shown to be in the west half of the southwest quarter of section 11, except an adjoining five acres in section 14. No other lands, persons, or corporations of any character are described or named in the petition. On March 7, 1917, proceedings were had before the board of county commissioners of Delaware county whereby appellant's petition was referred to drainage commissioners who were ordered to report April 10, 1917. At the time mentioned in the reference order, the drainage commissioners reported favorably the main ditch as prayed for in the petition, and, in addition four five-inch and one six-inch tile tributaries connected with the main ditch near its source, and tributary No. 6 located entirely in the channel of the Gray Ditch, beginning in section 15 and ending in the northeast quarter of the northwest quarter of section 14, and also a five-inch tile ditch 435 feet in length, located in section 15 with its outlet in the so-called tributary No. 6.

On April 13 and 14, notice was served upon appellees and others not named in the petition of the filing of the commissioners' report and that it would be heard on May 9. On May 2, appellees filed what they called

a two-thirds remonstrance wherein they say, in substance, that they were not petitioners or named in the petition as having land affected by the proposed drainage; that their severally owned tracts of land were not described in the petition; that no notice of any kind was served upon them, or either of them, of the pendency of the petition, nor had they, or either of them, any notice or knowledge of the pendency of the petition until served with notice of the filing of the drainage commissioners' report; that they constituted more than two-thirds of the landowners mentioned in the petition and in the report of the drainage commissioners, and praying that the report be stricken out and dismissed at the costs of the petitioner. On May 26, a motion to strike out appellees' remonstrance on the ground that it was not filed within twenty days, exclusive of Sundays, from the day of docketing the petition, was by the board of commissioners sustained. This ruling was followed by judgment establishing the ditch. Remonstrators then appealed to the circuit court where, on September 18, they filed a second paragraph of remonstrance wherein, after repeating the material averments of the original remonstrance, they averred in substance that the original petition and several alleged tributaries thereto were all located upon the lands of the original petitioner and the petitioner and his wife; that remonstrators' lands were assessed with more than sixty-five per cent. of the total cost of the proposed ditch and that the assessments so made against their lands were without authority of law. Appellant moved to strike out this paragraph, on the ground that it presented an additional cause of remonstrance not presented to the board of commissioners, and that it was not filed within ten days, exclusive of Sundays and the day of service of notice on the remonstrators, of the

filing of the report of the drainage commissioners, and, for the further reason, that it was not verified.

On September 28, appellees, on leave of court, filed a third paragraph of remonstrance, repeating the allegations of the original and second paragraphs, and adding, in general terms, that the petitioner and the drainage commissioners entered into and became parties to a conspiracy for the purpose of fraudulently carrying out a scheme whereby appellees would be required to pay a large sum of money for the purpose of draining the land of petitioner and the land of himself and wife. On October 2, appellant filed his motion to strike out the third paragraph of remonstrance for the same reasons assigned in his motion to strike out appellees' second paragraph.

On January 9, 1918, the court overruled each of appellant's motions to strike out the several paragraphs of remonstrance, and thereupon dismissed the petition. Appellant prosecutes this appeal and asks that this court review the rulings of the trial court.

This is a statutory proceeding and the questions here presented call our attention to §§17, 2, 3 and 4, Acts 1907 p. 508, §§6151, 6141, 6142 and 6143, Burns 1914. The petition herein was filed pursuant to §6151 Burns 1914, *supra*, and was prepared to meet the requirements of §6141 Burns 1914, *supra*. The work of drainage therein proposed and the lands and easements therein described to be thereby affected were wholly within Delaware county.

While the facts stated in the petition show that the proposed drain was less than two miles in length, there is no showing that the cost thereof would not exceed $300, exclusive of the tile to be used therein.

1. Nor does it appear that the petitioner or the remonstrators proceeded upon the theory of confining this proceeding to the provisions of §6151 Burns 1914,

*supra,* and within the ruling announced in the case of *Ginn* v. *Hinton* (1910), 174 Ind. 296. Such being the case, we must, as did the parties, regard §§6142 and 6143 Burns 1914, *supra,* as furnishing the procedure controlling the various steps leading to the final result.

From the judgment of the board of commissioners establishing the ditch, an appeal was taken to the circuit court, as expressly authorized by §6151.

2. Burns 1914, *supra.* This appeal transferred from the board all matters connected with the proceeding to the circuit court for hearing and determination as though it had originated in that court, or, in other words, the issues, and only those before the board, were by appeal taken to the circuit court for trial *de novo.* *Rayl* v. *Kirby* (1913), 180 Ind. 553, 559; *Miller* v. *Wabash R. Co.* (1908), 171 Ind. 109; *Trittipo* v. *Beaver* (1900), 155 Ind. 652, 655.

In *Strayer* v. *Taylor* (1903), 163 Ind. 230, 235, seventeen Indiana cases are cited in support of the proposition, that—"It is, however, a rule that the cases in this state thoroughly enforce, in appeals by remonstrants in drainage and highway proceedings, that, with the exception of objections that go to the jurisdiction of the board over the subject-matter, such remonstrants cannot present any question that was not raised in the commissioners' court."

The only remonstrance presented to the board of commissioners was that treated in the circuit court as the first paragraph. This paragraph was designated as a two-thirds remonstrance, but, from its form and substance, we are impressed, as appellees here claim, with the belief that the pleader thereby undertook to challenge the jurisdiction of the board on the ground of want of notice to the remonstrators, as well as having it perform the office of a two-thirds remonstrance.

On the subject of notice, appellees contend that §6142

Burns 1914, *supra,* required the petitioner to give notice by posting and by publication, which was not done. By reference to the record, it will be seen

3-5.

that the owner or occupant of each tract of land described in the petition, except one, appeared to the petition and waived notice, and the one not appearing was notified, as required by statute. These parties are not complaining, and as to them, no other notice was required. Appellees were resident landowners. They were not named, nor their lands described, in the petition. The statute does make provisions for notice by posting and by publication; but these provisions, while somewhat clouded by the punctuation used, must be construed as having reference to the form and manner of notice to nonresidents and not as applying to resident landowners. It is the sole province of the general assembly to designate grounds for remonstrances in this class of cases and to fix the time within which remonstrances must be filed. That body has made no provision for notice of the filing of the petition specially applicable to persons, such as appellees, until after the filing of the report of the drainage commissioners. Upon the filing of this report, provision is made for notice to all who may be brought in by it. Ten days, exclusive of the day of filing such report and Sundays, are allowed "any owner of lands affected by the work proposed and reported benefited or damaged, to remonstrate against the report", and §6143 Burns 1914, *supra,* expressly authorizes ten specific causes for remonstrance, but the two-thirds cause is not one of them. The general assembly has made no provision for notice to all "who may be affected by any assessment or damages" other than that provided in §6142 Burns 1914, *supra.* According to the history of the drainage legislation in this state, that provision regarding notice seems to be the final conclusion of our law-making body

as best suited to encourage drainage improvements. *Wilson* v. *Tevis* (1916), 184 Ind. 712, 717.

Conceding that appellees had no notice or knowledge of the various steps taken in this proceeding until notice of the filing of the drainage commissioners' 6. report, such fact would not warrant us in holding that a two-thirds remonstrance, filed after such report, was in time, although want of actual or constructive notice prevented their joining in a two-thirds remonstrance. This result may come from failure of the statute to require notice, in some form, of the filing of the petition, other than that now provided. However this may be, it is not a matter for the courts.

On the subject of a two-thirds remonstrance, it appears that all parties named in the petition were residents of Delaware county, and for more than 7, 8. twenty days had notice of the filing of the petition and of the day noted thereon for the docketing thereof. The board having found these facts regarding notice, it then became its duty to order the petition placed upon its docket as a pending action. This done, the statute, §6142 Burns 1914, *supra,* gave any person *named in the petition* ten days to make certain objections which, if sustained, might require the dismissal of the petition. Neither of the remonstrators were named or their lands described in the petition. By their remonstrance before the board, they sought protection under the provision: "That if within twenty days, exclusive of Sundays, from the day set for the docketing of such petition, two-thirds in number of the land-owners named as such in such petition, or who may be affected by any assessment or damages, resident in the county or counties where the lands affected are situated, shall remonstrate in writing against the construction of such drain or ditch, such petition shall be dismissed at the cost of the petitioners."

Appellees are within the class covered by the words "or who may be affected by any assessment or damages." The phrase just quoted was before this court in *Rayl* v. *Kirby, supra,* and in *Wilson* v. *Tevis, supra,* and the conclusion then reached was, that it includes persons not named in the petition who may be assessed or damaged, and that a two-thirds remonstrance, filed after the, report of the drainage commissioners is not in time. *Ross* v. *Hannah* (1910), 173 Ind. 671.

The time for filing a remonstrance is a matter entirely within the discretion of the legislature and the court has no power to extend it. *Shaum* v. *Harrington* (1910), 173 Ind. 610; *Hoefgen* v. *Harness* (1897), 148 Ind. 224.

Having concluded that the remonstrance in question was not filed in time, a defect which could not be overcome by amendment or any action the parties or the court might take in the matter, it was error to overrule the motion. *Pittsburgh, etc., R. Co.* v. *Hodge* (1911), 175 Ind. 669; *Keiser* v. *Mills* (1903), 162 Ind. 366; *Ginn* v. *Hinton, supra.*

Our conclusion with reference to the first paragraph applies to the second and third paragraphs, except it may be said that the third challenges the report of the drainage commissioners on the ground of fraud, the presentation of which is not controlled by a time limit. True, fraudulent action on the part of the drainage commissioners in assessing benefits and damages is not a statutory cause for remonstrance, but that fact would not serve to take appellees without the special procedure governing drainage cases.

Drainage proceedings are not civil actions, in the sense that the rules prescribed in our Civil Code are available in such proceedings, unless made so by the statute authorizing the same, and there

is no statute to that effect. The laws of this state pertaining to drainage are special in character, and have been so framed with the view of encouraging such improvements. The procedure adopted, while preserving to all interested the right to be timely heard, nevertheless purposes an intention of forestalling dilatory tactics and groundless obstructions tending to delay such work. It will be noticed that, without any showing for the delay, more than five months elapsed between the filing of the commissioners' report and the filing of the paragraph of remonstrance, wherein, by the use of epithets and by characterizing certain acts as fraudulent, it is sought to charge petitioner and the drainage commissioners with fraud and deception, without specifically averring the facts constituting the wrong. We express no opinion on the right of appellees to invoke fraud, as here suggested, as a cause of remonstrance. It is sufficient to say it was not filed within the time required by statute, and there was no pretense of presenting that issue to the board of commissioners. The appeal carried the case to the circuit court for resubmission of the various steps theretofore had before the board, but not to let in new grounds of complaint. *Strayer* v. *Taylor, supra; Rayl* v. *Kirby, supra; Miller* v. *Wabash R. Co., supra; Trittipo* v. *Beaver, supra.*

If it be true, as claimed by appellees, that their lands were not benefited, that the assessments were unjustifiable, that the report of the drainage commissioners included a system of drainage not contemplated by the petition, or the report brought into the proceeding, under the guise of tributaries, drains which were not properly arms or tributaries of the main ditch described in the petition, their remedy was by remonstrance as provided in §6143 Burns 1914, *supra.*

For the reasons stated, the second and third para-

graphs of the remonstrance are without any force and effect and cannot be made so by amendment, therefore the motions of appellant to strike out the several paragraphs of remonstrance should have been sustained. It follows that the action of the court in dismissing appellant's petition was reversible error.

Judgment reversed, with instructions to sustain appellant's motions to strike out each paragraph of appellees' remonstrance, reinstate appellant's petitions, and for further proceedings not inconsistent with this opinion.

## ON PETITION FOR REHEARING.

MYERS, J.—Appellees, by their petition for a rehearing, supported by a carefully prepared brief, have called our attention to certain rulings in the opinion now on file in this case which they assert to be erroneous. We have re-examined the opinion in its entirety and re-checked it with the original and present insistences of appellees, without being persuaded to change our conclusions on the various questions decided.

However, appellees seem to be thoroughly impressed with the thought that because appellants failed to assign error on the action of the court in dismissing petitioners' petition, this court had no jurisdiction to make any order in that connection. The dismissal of the petition was a final disposition of the proceedings. As we understand the record in this case, the remonstrance filed before the board of commissioners, whether treated as one challenging the jurisdiction of the board, or as a remonstrance by two-thirds of the landowners affected by the proposed improvement, was treated in the circuit court as the first paragraph of the remonstrance. This pleading and the petition formed the only issue before the board. That issue, as we have held, was the only one for trial on appeal to the circuit

court.  The sufficiency of the remonstrance as a bar to the petition was tested by the motion to dismiss. The sustaining of the remonstrance, as a matter of law, (§6142 Burns 1914, Acts 1907 p. 508), required a dismissal of the petition.   The court's last action followed as a sequence of its decision overruling the motion to strike out and in sustaining the remonstrance.   Errors assigned on these rulings, to which exceptions were duly saved, went to the very fountain head of the proceedings, and, if erroneous, was certainly a very vital error in the progress of the case.

Appellees cite *Galey* v. *Mason* (1910), 174 Ind. 158, Ann. Cas. 1912C 1290, where it is held that a motion to dismiss an appeal is not a proper cause for a new trial, but may be assigned as an independent error.   In the instant case there was no motion for a new trial, nor a motion to dismiss the appeal; but the ruling on the motion as made, as well as the ruling sustaining the remonstrance, as we have seen, are assigned as independent errors, and properly so.

Our special attention has been called to the act of 1917, (§6143 Burns' Supp. 1921, Acts 1917 p. 292) where the right to file a two-thirds remonstrance is given after the filing of the report of the drainage commissioners.   That act amended §4 of the act of 1907 (§6143 Burns 1914, Acts 1907 p. 508), which enumerated the causes for a remonstrance in drainage proceedings.   This amended act, by virtue of an emergency clause, took effect March 7, 1917, and allowed ten days, exclusive of the day of filing the commissioners' report and Sundays, *for any landowner to appear and remonstrate against the report*.   It also made provision for a two-thirds remonstrance against the construction of any lateral, arm or branch to the main ditch described in the report.   But it further provided that—  "No amendment or change of the present law as effected

by this act shall be construed to affect or be applicable to any pending proceeding or proceedings."

The various steps as taken in this case are noted in the original opinion, from which it will be seen that the petition was filed January 16, 1917, and although the drainage commissioners were not appointed until March 7, 1917, it is obvious that this was a pending proceeding at the time the amended act took effect. Consequently the amended act, according to its express provisions, was not applicable to this case.

The petition for a rehearing is denied.