Filed April 26, 1895.

---

No. 17,274.

## CORBIN v. THOMPSON.

RECEIVER.— *When Will Be Appointed.— When Not.*—The power of courts to appoint receivers is one of the highest and most unusual character vested in courts of chancery, and is never exercised in doubtful or evenly balanced cases; but is exercised only where justice would, in all probability, be defeated by withholding it.

SAME.— *To Take Possession of Real Estate and Collect Rents Pending Appeal.— When Not Granted.*—Where the defendant (in an action by plaintiff for the possession of certain real estate) succeeded upon the defense that he occupied as a purchaser, and not as a tenant, the court will not appoint a receiver, upon application of plaintiff, pending appeal to the Supreme Court, to take possession and collect the rents, but leaves plaintiff to assert his title in the ordinary forms of procedure at law; nor does the fact that such defendant is insolvent at all affect the issue.

From the Marshall Circuit Court.

*H. Corbin*, for appellant.

*E. C. Martindale* and *S. Parker*, for appellee.

HACKNEY, J.—In the lower court the appellant sought and was denied a receiver to take possession and collect the rents of certain real estate then occupied by the appellee.

In his petition he alleged that he had begun and prosecuted an action in said court for the possession of said property and accrued rents, claiming to be the owner thereof, and that the appellee occupied as his tenant, and was holding over; that upon a trial of said cause, the appellee had succeeded in a defense that he occupied as a purchaser and not as a tenant; that the appellee, in such trial, relied upon evidence of an oral agreement of purchase, which had the effect to contradict a subsequent written lease to him as tenant; that the trial court erred in admitting such evidence, and that the appellant had appealed from the judgment in that action.

There were also certain allegations as to the appellee's intention to delay a hearing in the original cause, and that the appellee was insolvent. The prayer was for a receiver pending the appeal and final hearing of the original cause.

The power of the courts to appoint receivers is one of the highest and most unusual character vested in courts of chancery, and is never exercised in doubtful or evenly balanced cases; but is exercised only where justice would in all probability be defeated by withholding it. The rule in cases of the character of the present, as we understand it, is well stated in 20 Am. and Eng. Encyc. of Law, p. 35: "The rule seems to be universal in this country and in England, that wherever the contest is simply a question of disputed title to the property the plaintiff asserting a legal title in himself against a defendant in possession who is receiving the rents and profits under a claim of legal title, equity refuses to lend

its extraordinary aid by interposing a receiver just as it. refuses an injunction under similar circumstances, but. leaves the plaintiff to assert his title in the ordinary forms of procedure at law.   Nor does the fact that such. defendant is insolvent, at all affect the rule.   *Rollins* v. *Henry*, 77 N. C. 469.''

While it may be observed that the rule, as stated, is limited to cases where both parties claim under a legal title, here we have stronger reason for asserting the rule, since the plaintiff claimed under a legal title and the defendant stood upon and succeeded in claiming an adverse equitable title.   If equity would only interpose to protect equitable rights, and would not extend its aid to the enforcement of simply legal remedies, we have in the appellant's position a reversal of this rule by his seeking to oust the occupying claimant whose equitable right has been established by regular proceedings, and thereby aid the legal claim as against the favored equitable claim.   Where, as in this State, the proceedings at law and in equity are blended, the courts can not be too careful, in extending remedies purely equitable, to recognize not only the legal remedies of the parties, but to avoid extending such remedy to overthrow an established right.   To have granted the appellant's petition would have set at naught the regularly adjudged rights of the appellee ; would have wrested from the appellee the property which, by proper proceeding, had been declared should not be taken from him.   To have entertained the appellant's petition was to deny the force and effect of a judgment adverse to the very claim which his petition asserted.   To have granted the petition required the court to deny the efficacy of its own solemn decree, upon the assertion of the petitioner that the decree was by error in judgment, and that it will be reversed upon appeal.

If, in the original cause, the appellant had succeeded and the receiver was sought to aid in the enforcement of his recovery, by the preservation of the property and its rents, we would have a very different case, and one to which the appellant's citations would probably apply.

Looking to the exhibited contract or alleged lease, it may be suggested as doubtful if it expresses such terms of leasing, as the appellant claims for it, and whether the alleged parol evidence was in contradiction of the writing. However, of this question, we venture no opinion to embarrass a decision of the appeal in the original cause.

In our opinion the petition was correctly denied, and the judgment of the lower court is affirmed.

