## HARRISON et al. v. MISSOURI STATE LIFE INSURANCE CO. et al.

No. 25133. June 16, 1936.

Chas. L. Yancey, G. C. Spillers, Donald L. Brown, and E. M. Calkin, for plaintiffs in error.

Hulette F. Aby, William F. Tucker, and Frank Settle (Allen May, Albert A. Ridge, and Keaton, Wells, Johnston & Barnes, of counsel), for defendants in error.

WELCH, J. This appeal presents for review the order of the trial court vacating the appointment of a receiver for the assets in Oklahoma of the defendant, Missouri State Life Insurance Company, a Missouri corporation. Upon the filing of the petition of the plaintiff, George Harrison, prior to service of summons and without notice, the trial court appointed the receiver. Thereafter the defendant company filed its motion to vacate the appointment of receiver. Pursuant to notice an extensive hearing was had, with oral testimony and documentary evidence, and the trial court vacated the appointment of the receiver. From that order the plaintiff prosecutes this appeal.

The essential facts are that the Missouri statutes provide, in substance, that whenever it appears to the Insurance Superintendent of Missouri that the capital stock or the guarantee fund of any insurance company is impaired or that the company is insolvent, such superintendent may institute suit in the circuit court of the county or city of the principal place of business of the company for dissolution, and that upon the rendition of judgment declaring the company insolvent, all the assets of such company vest in fee simple and absolutely in the Insurance Superintendent, who then holds and disposes of the assets for the use and benefit of the creditors and policyholders.

The defendant insurance company was in financial difficulties and the Missouri Insurance Superintendent, as authorized by statute, filed such a suit in the proper circuit court of Missouri, and that court entered its decree finding the defendant company to be insolvent within the legal

meaning of insolvency as applied to the defendant and its business, and by such decree vested the assets of the defendant company in fee simple and absolutely in the Missouri Insurance Superintendent, directing him to take possession of the assets and all effects of the company and properly administer the same.

On the following day the plaintiff, George Harrison, commenced this action in the district court of Tulsa county to recover the cash value of his three insurance policies, and seeking receivership for his own benefit and the benefit of other creditors and policyholders in this state.

On the same day the district court of Tulsa county appointed receivers.

The Missouri Insurance Superintendent made a sale of the assets of the company to the General American Life Insurance Company, which latter company took over all of the business of the former company and assumed liability on all of the outstanding insurance policies in about 20 of the states of the Union; the sale and the contract setting out in minute detail the arrangements for the future handling of the insurance business, and the liabilities of the new company being approved by the proper court in Missouri.

There were several thousand policyholders in the state of Oklahoma, and property and assets in this state of the value of a great many thousand dollars. The receivers appointed by the trial court took charge of these assets and of the offices of the defendant insurance company in Oklahoma City and Tulsa, and proceeded to manage and conduct the business. A large number of policyholders in this state continued to make payment of premiums to the successor company, the General American Life Insurance Company, and all such payments were collected by the receivers. These collections in the brief period of the existence of the receivership amounted to many thousands of dollars.

Two policyholders in this state subsequently joined the plaintiff, George Harrison, in his action. The original petition did not disclose the amount of the cash surrender value of the policies held by the plaintiff, George Harrison, which sum he then sought to recover. An amended petition alleged that the plaintiff was the holder of three policies, and while not alleging the exact amount of the cash surrender value thereof, it alleged "that the cash surrender of such policies is now in the neighborhood of $100." The amended petition alleged that the cash surrender value of the policies held by the other two policyholders who joined therein was the aggregate sum of $189.

The receivers, while appointed and authorized to take charge of the assets of the defendant, Missouri State Life Insurance Company, were subsequently authorized by court order to receive all premium checks payable to the General American Life Insurance Company, and to indorse and collect the same and retain and hold the proceeds thereof. Thus policyholders who desired to carry on with the General American Company and preserve their insurance were prevented from paying their premiums into the General American Company, where such premiums would perform their proper function of providing proper reserve and the other functions essential to preserving in force the insurance policies.

Upon the hearing of the motion to vacate the appointment of the receiver it must have become apparent to the trial court that the situation created by the receivership was quite difficult, approaching an impossible or unjustified situation which was unnecessary to protect the interest of the plaintiffs, and which would probably result in loss to other policyholders in this state. The record of that hearing would justify the conclusion that the receivership should not be continued and probably that the receivers should never have been appointed, and that there was slight, if any, probability that any rights would have been seriously impaired by a denial of receivership. By reason of the continuing and changing rights of policyholders in a life insurance company the difference is demonstrated between appointing receivers to carry on and continue the business of insurance companies upon the one hand, and upon the other hand the appointment of receivers to carry on the business of an ordinary industrial or commercial corporation.

In Corbin v. Thompson, 141 Ind. 128, 40 N. E. 533, it was said:

"The power of the courts to appoint receivers is one of the highest and most unusual character vested in courts of chancery, and is never exercised in doubtful or evenly balanced cases, but is exercised only where justice would in all probability be defeated by withholding it."

Similar expressions of this wholesome policy are found in the decisions of most of the courts, and it is similarly stated by the text writers.

It is a well-recognized rule that:

"The power to appoint a receiver is a delicate one which is jealously safeguarded and reluctantly exercised by the courts. The power should be exercised sparingly, with caution and circumspection, and only in an extreme case, under extraordinary circumstances." 53 C. J. pages 32 and 33.

And in the same text, at pages 34 and 37, these wholesome principles are set out with supporting authorities:

"Moreover, a receivership will not be granted where the injury resulting therefrom would probably be greater than the injury sought to be averted, or the injury ensuing from leaving the possession of the property undisturbed. The interests of, and consequences to, all the parties should be considered; and the power to appoint a receiver should not be exercised when it is likely to produce irreparable injustice or injury to private rights or to the rights of all parties interested, or where the facts demonstrate that the appointment will imperil the interests of others whose rights are entitled to as much consideration from the court as those of complainant. The chancellor should so mold his order that while favoring one, injustice is not done to another, and if this cannot be accomplished, the application should ordinarily be denied.

"Ordinarily the appointment of a receiver rests largely in the sound judicial discretion of the court or chancellor, and is not a matter of strict or absolute right, or an imperative requirement."

Of course the same principles apply and guide the court in considering a motion to vacate a receiver appointment. And especially so when the original appointment was made without hearing or notice, while the subsequent motion is presented upon the full facts wth evidence from both parties.

In State ex rel. Barnett v. Creek Realty Company, 167 Okla. 319, 30 P. (2d) 160, this court considered an appeal from a judgment and order refusing to appoint a receiver. We followed the foregoing general principles and affirmed the trial court, holding, in substance, that receivership matters are addressed to the sound legal discretion of the court, which must be viewed from all the facts and circumstances presented by the record.

If we were here considering in the first instance the question of receivership, we might very well deny it upon this record. Since the trial court, upon full hearing, vacated the appointment of receivers, we should not reverse unless that conclusion is against the clear weight of the evidence.

Counsel for plaintiff suggests presentation and determination of the case upon the narrow ground or question of the power or lack of power of the courts of this state to appoint a receiver under the circumstances in this case, since the affairs of the insurance company have already been taken over by the Insurance Superintendent of Missouri for administration pursuant to the statutes of that state, and pursuant to the decree of the proper court of that state. We do not confine our consideration to the narrow limits of that question and do not find it necessary to expressly pass upon that question, since the trial court determined against receivership, and that determination is abundantly supported by the record.

In the states of Indiana and Georgia there were many policyholders in the same defendant company. In each of those states suits were filed seeking receivership of the local assets of the company. In each case the trial court there appointed a receiver, but in each state the Supreme Court reversed the trial court. In the syllabus in each case there is reference to the question of the power of the court to so deal through receivership with the local assets of the defendant insurance company. But in the reasoning of each court there are statements amply supporting the conclusion of the trial court in this case against receivership upon the merits, without giving controlling prominence to any question of lack of power of the court to so deal with such assets. See O'Malley v. Hankins (Ind.) 194 N. E. 168, and O'Malley v. Wilson (Ga) 185 S. E. 109.

We conclude that the order and judgment of the trial court vacating the appointment of receivers is abundantly supported by competent evidence and by the fair preponderance thereof, and that the conclusion of the trial court is in no sense against the clear weight of the evidence.

It is not shown that any serious injustice results to plaintiff from a denial of his plea for receivership, but, upon the other hand, it appears that full right and justice compel the conclusion against receivership.

The judgment of the trial court is affirmed.

OSBORN, V. C. J., and RILEY, BUSBY, PHELPS, CORN and GIBSON, JJ, concur. McNEILL, C. J., and BAYLESS, J., absent.