## PENSINGER v. PACIFIC STATES LIFE INS. CO.

### No. 891.

District Court, E. D. Missouri, S. D.
Oct. 10, 1938.

E. R. Elliott, of St. Louis, Mo., and Clarence A. Powell, of Dexter, Mo., for plaintiff.

Wallace F. Morgan, of Dexter, Mo., Oliver & Oliver, of Cape Girardeau, Mo., and Dines, Dines & Holme and Milton J. Keegan, all of Denver, Colo., for defendant.

MOORE, District Judge.

This action originally filed in the Circuit Court of Stoddard County, Missouri, is on a promissory note dated August 10, 1933, in which note the defendant promised to pay to one James M. Crume, or order, the sum of forty-four hundred dollars, payable in installments of two hundred dollars per month, beginning the 15th day of August, 1933, and two hundred dollars on the 15th day of each and every month thereafter, until the full sum had been paid, for value received and interest at the rate of 6% per annum after maturity. On the 2nd day of January, 1935, Crume assigned said note by endorsement, without recourse, and delivered it to the plaintiff and the plaintiff is now the owner and holder of said note in due course. It is alleged that the defendant has failed and neglected and refused to pay the note or any part thereof. Plaintiff prays judgment for the sum of forty-four hundred dollars with accrued interest thereon as provided by said note.

Upon affidavit of the plaintiff, a writ of attachment was issued and the Sheriff's return shows that the writ was served by attaching all of the defendant's interest in and to several tracts of land in Stoddard County, Missouri. The case was removed to this Court by the defendant.

The defendant answered the complaint, admitting the note sued on to be due and alleging and presenting facts and matters in bar of the action under Equity Rule 29, 28 U.S.C.A. following section 723. The defendant filed a motion for a separate trial of the equitable defenses. This motion was submitted and sustained.

Jackson Cochrane, Commissioner of Insurance of the State of Colorado, thereupon filed a petition for leave to intervene, which petition was argued and submitted.

On April 13, 1938, the parties filed a stipulation as to facts on trial of the equitable defenses. In this stipulation it is admitted that an exemplified copy of the order of the District Court of the City and County of Denver, was entered April 20, 1935, ordering liquidation of the defendant company and appointing Jackson Cochrane, Commissioner of Insurance of the State of Colorado, as Primary Statutory Liquidator of said company. To this there was attached a copy of an order for injunction entered June 17, 1935.

It was stipulated that the defendant insurance company was organized under the laws of the State of Colorado and was at all times until it was ordered liquidated a legal reserve life insurance company. It was further stipulated that the order of liquidation of the company was made pursuant to the Statutory Liquidation Act of the State of Colorado, '35 C.S.A. c. 87, § 223 et seq.

It was also stipulated that in April of 1935, the Commissioner of Insurance appointed one Standart, a Special Deputy Commissioner of Insurance of the State of Colorado, an agent of Cochrane in the liquidation of the defendant company and appointed the firm of Dines, Dines & Holme as attorneys for Cochrane and Standart. This appointment was approved by the Court.

It was further stipulated that all creditors of the company residing in Missouri and other states were permitted to file claims in the Colorado proceeding; that numerous claims were filed by and on behalf of the creditors residing in Missouri and these claims have been allowed in the Colorado liquidation proceeding in the aggregate sum of approximately $350,000 and have been ordered entitled to share ratably with creditors residing in Colorado and other states.

To this stipulation is attached an exhibit, being a certified copy of an order entered by the Circuit Court in St. Louis on August 5, 1935, appointing the Superintendent of the Insurance Department of the State of Missouri, as receiver of said company in Missouri.

There is likewise attached to this stipulation a document which is admitted to be a true copy of an order entered in April of 1935 in the Superior Court of Cook County, Illinois, finding sufficient cause for the appointment of a receiver of said company in that State and entering an injunction as set out in said document.

It is admitted that the plaintiff was, at the time of the institution of this suit, and now is, a citizen and resident of the State of Indiana, and that James M. Crume, plaintiff's assignor, is now and at all times has been a citizen and resident of the City of Chicago, State of Illinois; admitted that Cochrane, the Commissioner of Insurance in Colorado, in his official capacity was at

the time this suit was instituted and since then has been and now is in possession of three promissory notes aggregating the principal sum of $72,000 secured by deeds of trust covering the real estate in Stoddard County, Missouri, embraced by the writ of attachment in this suit and that said deeds were dated in December, 1932, and were recorded in December, 1932, in the Recorder's office of Stoddard County, Missouri.

It is admitted that the above mentioned notes and deeds were acquired by the defendant company pursuant to an agreement dated in December of 1932 by and between one Barney Goodman of Kansas City and said company and that the document attached to the stipulation of facts is a photostated copy of the minutes of the special meeting of the directors of said company held on December 20, 1932, approving said agreement; admitted that Cochrane and Standart in their official capacities have been in possession of said property described in said deeds of trust and have employed M. T. Minton of Dexter, Missouri, to look after said property and to prevent all unnecessary waste and deterioration of the property until such time as the notes and deeds of trust could be sold by said liquidators.

The parties admit that the liquidators, pursuant to the order of the District Court of Denver in said Colorado liquidation proceeding, entered into a contract of sale dated November 23, 1937, covering sale of said notes and deeds of trust as covered by the attachment in the suit at bar and other similar notes and deeds of trust covering land in Stoddard and Dunklin Counties for a gross price of $60,000 cash to George W. Fawell of Chicago. It is further stipulated that the writ of attachment issued in this suit is preventing the completion of the sale to said Fawell; that on some of the lands covered by the notes and deeds of trust embraced in the said contract of sale to Fawell, the Colorado Primary Liquidator is now in possession of certain unrecorded warranty deeds executed by the mortgagors, made out to blank grantees, but none of the liquidators have come into possession of any of such warranty deeds covering the property embraced in the writ of attachment in this case.

It is further admitted that the liquidators and receivers of said company appointed by the State Courts of Colorado, Missouri and Illinois have duly qualified and are now acting as such and that the time for filing claims fixed by said State Courts in said liquidation proceeding has now expired.

The question presented in this case may be stated as follows: When a life insurance company incorporated in Colorado becomes insolvent and is in the process of being liquidated for the ratable benefit of all the company's creditors, in the Colorado courts by the Colorado Commissioner of Insurance as Principal or Domiciliary Statutory Liquidator under a Statutory Liquidation Statute, which vests by operation of law the Statutory Liquidator with title to all the property of said company, and when all creditors residing in other states have been permitted to file their claims in said Colorado Primary Liquidation Proceedings, and when claims of Missouri creditors have been filed and allowed in said Colorado Primary Statutory Liquidation Proceedings aggregating the sum of approximately $350,000 and have been held by the Colorado Supreme Court entitled to share ratably with creditors residing in Colorado and other states, can a claimant residing in Indiana, as assignee of a claimant residing in Illinois, thereafter, in an attempt to obtain preferences over creditors residing in Missouri and elsewhere, proceed with an attachment suit in this Court against notes secured by deeds of trust on lands in Stoddard County, Missouri, held by the company when it was ordered liquidated, when said notes and deeds of trust since then and now are owned by and in possession of said Colorado Statutory Liquidator?

The contention of the defendant is that the suit is improper and should be dismissed upon the agreed statement of facts.

The object to be attained by the liquidation of an insolvent insurance company is the prompt, fair and equitable closing of an estate for the benefit of all creditors. We find that the trend of decisions in all State Courts is to refuse to permit non-resident or even local creditors to proceed against local assets by attachment suits such as in the instant case. The reasons for the rule that such action should not be entertained are plain to be seen. If such actions are not halted, all creditors would be relegated to a race for diligence and the assets would be quickly dissipated.

In the case of Weil v. Bank of Burr Oak, 76 Mo.App. 34, a receiver was ap-

pointed for the bank in Kansas. On the same day the plaintiff, a resident of the State of Nebraska, attached moneys due the bank in an action started in Missouri. The receiver of the bank interpleaded in the Missouri attachment action and obtained a judgment in the lower Court. This judgment was affirmed upon appeal.

In Parsons et al. v. Charter Oak Life Insurance Company, C.C., 31 F. 305, the defendant company was an insolvent Connecticut corporation and the Connecticut Commissioner of Insurance was the domiciliary liquidator appointed by the Connecticut State Court. Creditors of the company residing in Iowa brought a creditors' bill averring that the company "has invested large parts of its assets in Iowa, now owning real estate and other property to the estimated amount of $100,000, situated in the state of Iowa. * * * Complainants prayed for the appointment of a receiver to take possession of the property of the company in Iowa, the same to be held and disposed of by the court for the protection of complainant and other Iowa policy-holders." [Page 305.] In this case the liquidator or receiver intervened and filed a demurrer to the creditors' bill or complaint. The demurrers to the complainants' bill and to the intervening petitions of the several policy holders were sustained.

The case of Relfe v. Rundle, 103 U.S. 222, 26 L.Ed. 337, is cited with approval in the case of Parsons et al. v. Charter Oak Life Insurance Company, supra.

In the case of Relfe v. Rundle, supra, Relfe, Superintendent of the Missouri insurance department, as domiciliary liquidator of an insolvent Missouri Life Insurance Company, intervened to halt a suit brought by creditors in Louisiana. In that case Rundle and wife, policy holders of the company, commenced suit in a Louisiana Court for the purpose of having the assets of the insurance company in Louisiana declared a trust fund and applied to the payment of claims of the Louisiana creditors, and to that end to keep such assets out of the hands of Relfe, Superintendent of Insurance of the State of Missouri. The case came before the Supreme Court on the right of removal to the Federal Court, it being urged in opposition thereto that Relfe had no standing in the Courts of Louisiana. It was held that Relfe was not an officer of the Missouri State Court, but the person designated by

law to take the property of any dissolved life insurance company of that state and hold and dispose of it in trust for creditors; and that the law which clothed him with this trust was in effect part of the charter of the insurance company; that he was an officer of the State and his authority came not from a decree of the Court but from a statute, and that he was in effect the corporation itself for all the purposes of winding up its affairs. In disposing of that case, the Court said [page 225]:

"We are aware that, except by virtue of some statutory authority, an administrator appointed in one State cannot generally sue in another, and that a receiver appointed by a State court has no extraterritorial power; but a corporation is the creature of legislation, and may be endowed with such powers as its creator sees fit to give. Necessarily it must act through agents, and the State which creates it may say who those agents shall be. One may be its representative when in active operation, and in full possession of all its powers, and another if it has forfeited its charter and has no lawful existence except to wind up its affairs. No state need allow the corporations of other States to do business within its jurisdiction unless it chooses, with perhaps the exception of commercial corporations; but if it does, without limitation, express or implied the corporation comes in as it has been created. Every corporation necessarily carries its charter wherever it goes, for that is the law of its existence. It may be restricted in the use of some of its powers while doing business away from its corporate home, but every person who deals with it everywhere is bound to take notice of the provisions which have been made in its charter for the management and control of its affairs both in life and after dissolution. By the charter of this corporation, if a dissolution was decreed, its property passed by operation of law to the superintendent of the insurance department of the State, and he was charged with the duty of winding up its affairs. Every policy-holder and creditor in Louisiana is charged with notice of this charter right which all interested in the affairs of the corporation can insist shall be regarded. The appellees, when they contracted with the Missouri corporation, impliedly agreed that if the corporation was dissolved under the Missouri laws, the superintendent of the insurance department

of the State should represent the company in all suits instituted by them affecting the winding up of its affairs."

See, also, O'Malley v. Hankins, 207 Ind. 589, 194 N.E. 168; O'Malley v. Wilson, 182 Ga. 97, 185 S.E. 109; and Harrison et al. v. Missouri State Life Insurance Co. et al., 177 Okl. 377, 59 P.2d 774.

In O'Malley v. Wilson, supra, after the Missouri state court had ordered the liquidation of the Missouri State Life Insurance Company, appointed the superintendent of insurance of the state of Missouri, Principal Liquidator, certain policy holders and creditors of the company filed several suits in the Superior Court in Georgia, alleging "that the company's assets in this state [Georgia], both personal and real property, were large; that the insurance policies issued to and held by citizens of this state would aggregate many millions of dollars; and petitioners prayed that the court appoint an ancillary receiver or receivers to take charge of and administer the assets of the defendant company in this state, for the benefit of all citizens of this state who may have claims of any kind against the company." [Page 112.] These cases were consolidated and the Supreme Court of Georgia held that the demurrers to the petition filed by the Superintendent of the Insurance Department of the State of Missouri should have been sustained. The Court held that Georgia courts could not seize assets of an insolvent Missouri Insurance Company which were located in Georgia and apply them to satisfaction of claims of Georgia citizens against the company in view of the full faith and credit clause, U.S.C.A.Const. art. 4, § 1, where a Missouri court had placed the Missouri Insurance Commissioner in charge of the company and the Missouri statute vested the Insurance Commissioner with full title in fee simple to all assets of the company. Mo.St.Ann. § 5947, p. 4534.

It can serve no useful purpose to further extend this opinion. It is sufficient to state that the views expressed by the several Federal and State Courts are practically unanimous, that a non-resident creditor such as the instant plaintiff cannot bring an attachment suit as in this case. In these views we concur. If the instant suit is permitted to proceed it would permit a creditor in Indiana to obtain a preference over numerous creditors residing in Missouri.

The petition of Jackson Cochrane, Commissioner of Insurance of the State of Colorado, for leave to intervene is sustained. Under the stipulation as to the facts on the trial of the equitable defenses this case should be and is hereby dismissed, and the attachment issued herein is ordered dissolved.